*318
 
 Ruffin, C. J.
 

 If Hathaway had sued the defendant for not executing the writ, or for a false return of
 
 non est inventus,
 
 it would have been incumbent on him to allege and establish, that the defendants in the writ were in the Sheriff’s County. But that circumstance has no application to an action for the penalty for such a return as this, which falsely alleges that the writ came to hand too late to be executed — even if the defendants therein were in the County.
 

 The case therefore depends on the second point made on the trial; which is the only one which is argued here.
 

 The Act of 1777, ch. 115, sec. 14, provides, that all writs in the Superior Courts shall be executed at least
 
 ten
 
 days before the beginning of the term, to which they shall be returnable ; and that process executed at any other time shall be adjudged void on the plea of the defendant.
 
 Rev. Stat. ch.
 
 31,
 
 sec.
 
 53. The Act of the same year, ch. 118, sec. 5, enacts, that every Sheriff shall execute all writs to him directed, and make due return thereof under the penalty of £50 (fixed at
 
 $100
 
 in 1821) for each neglect, where the process is delivered
 
 twenty
 
 days before the sitting of the Court, to which it is returnable, to be paid to the party grieved, by order of the Court on motion. The section then proceeds: “ And for every false return the Sheriff shall forfeit and pay £50. (raised to f500 in 1836) one moiety thereof to the party grieved, and the other moiety to him or those who will sue for the same, and be, moreover, liable to the action of the party grieved for damages.”
 
 Rev. Stat. ch.
 
 109,
 
 sec.
 
 18,
 

 In the first place, it seerpS clear, that the return is false; for the writ was delivered in time to give the sheriff seven clear days, in which he might have served the writ. It did
 
 not
 
 “ come to hand too late to execute
 
 in time.”
 
 Indeed, the defendant’s counsel admitted, that an action would lie on this return for the party grieved for his damages. He contended, however, that the penalty was not given in such a case ; but that the correct
 
 *319
 
 exposition of the Act is, that, as the first clause gives the amercement, for not making any return, only when the writ has been delivered twenty days, the second clause gives the penalty for the false return of only such a writ, as that before specified ; that is to say, one de¿ Jivered twenty days. But the language of the two parts of the section does not bear out that construction. The amercement is given expressly, and only, for not returning a writ, that had been delivered twenty days at least. The succeeding clause, which gives tile penalty for a false return, is not thus, expressly restrained to a writ, that had been thus long delivered ; nor does it use the words, “ such writ,” or any other term of reference to the preceding provision. But in the most enlarged phrase it declares, that
 
 for every false return,
 
 the sheriff shall incur the forfeiture. If, however, the two eases of making no return, and of making a false return, stood on the same reasons, the Court, in ■ order to effectuate the apparent legislative intention, would, probably, feel au-thorised to restrain, by construction, the general terms, used respecting the false return, to the particular case before specified, of a writ delivered twenty days. But the two duties are very different. It was well understood, that sheriffs could not return writs to various Courts in distant parts of the State, if the parties were at liberty to put them into his hands up to the last day. Therefore, the law does not give an amercement to one, who will not return it. But no such reason applies to a false return ; for the fault in that case is, altogether, on the part of the officer. He may not be obliged to go to the Court or return the writ — at least, not under pain of amercement. But, if he does go there, and undertake to return the writ, he ought to return it truly. There is
 
 no
 
 reason why he should not. If he had served the writ, as he might, surely the law, although it would not fine for
 
 not
 
 returning it, would not leave it to him to return
 
 cepi corpus,
 
 or
 
 non est inventus,
 
 at his option,- The Act never
 
 *320
 
 meant to confer the privilege of falsehood in any case, though in some cases it would not fine for not making a return. Therefore, there is no ground, on which the Court is at liberty to disregard the words of the statute,, by holding that the forfeiture is not incurred by
 
 “every”
 
 false return.
 

 Some doubt was at first entertained, whether this return of “ too late to hand” was in its nature such an answer to the writ, as to amount to one of those returns, which the Legislature meant. But upon consideration wc think it is. . It is a recognised return, and has long been.
 
 Com. Dig. Retorn D.
 
 1, F. 2, 3. If false, it works-a prejudice to the party, like other false returns. Indeed, one of the objects
 
 of
 
 the St. 13, Ed. I, ch. 39, was to give a remedy for falsely making this return of
 
 Tarde.
 
 After reciting that Sheriffs will not return writs, and also that they return them falsely, it provides, thatsuch as do-fear the malice of Sheriffs shall deliver their writs in the open County, and may take of the sheriff or under-sheriff a bill, wherein the names of the demandants and tenants mentioned in the writ shall be contained, and that the .^eal of the sheriff or under-sheriff shall be put to the bill lor a testimony, and that mention shall be made of the day of deliverance of the writ:
 
 A
 
 nd that, if the sheriff will not return writs delivered to him, and it be found by inquest before the parties of assize, that the writ was delivered to him, then damages, shall be awarded to the plaintiff or defendant“And by this mean,” it is added, “ there shall be remedy, when, the sheriff returneth, that the writ came too late, whereby he could not execute the King’s command.” So it appears clearly enough,, that this is one of those false returns anciently complained of, as being made by the malice of sheriffs, and remedied, by Act of Parliament. Other parts of our Act of ’77, which require the sheriff to mark on the process the day he received it, and giving the forfeiture and damages for a. false return, have the same purpose. It is said, indeed,
 
 *321
 
 by Chief Baron Oonyns, that
 
 Tarde
 
 is not a good return upon a
 
 capias ad respondendum.
 
 He cites no authority for the position, and assigns no reason for it; though, doubtless, it may be received as law in England upon his authority alone, and the reason may lie in the nature of that writ there. But, as by our Statute.it is expressly made the leading process, and the day of its .delivery is to be marked on it, and a time is limited for its execution, it is, we think, within the meaning of that part of the Act of ’77, which makes it penal on the sheriff to make a false return of a writ.
 

 The judgment therefore must be reversed, and judgment entered for the plaintiff according to the verdict.
 

 Per Curiam. Judgment reversed and judgment for the plaintiff.