Ruffin, C. J.
 

 The Act of Assembly imposes two duties on sheriffs in respect to process coming to their hands. The one is, that they shall make
 
 due
 
 return of it under penalty, for not making such return, of being amerced $>100 by the Court, on motion, for the benefit of the person grieved. The other is, that they shall make
 
 true
 
 return; under a penalty for every
 
 false
 
 return of
 
 $5GO, to be
 
 recovered by action of debt, one moiety to the party grieved, and the other to him who will sue for the penalty.
 
 Rev. St.
 
 c. 109, s. IS. Upon the construction of the Act, the opinion of the Court differs from that entertained by his Honor, who presided at the trial. The return may not be a due return perhaps; and thus it may fall within
 
 *314
 
 the first branch of the statute, for any thing to be said to the contrary in this case. But we think very clearly, that it is not such a false return as is meant in the statute, so as to make the sherifF incur the heavy penalty of $500. To have that effect it must be false in point of fact, and not false merely as importing, from facts truly stated, a wrong legal conclusion. The Act was designed to punish sheriffs for putting on process deceptive returns ; such as mislead the parties in point of fact and baffle them in the execution of their process. It may be true in this case, that the sheriff would be liable to the action of the plaintiff in the writ for not executing it, or for an amercement for not making a proper and legal return. But it does not appear that any part of the return, as made, is untrue as to the matter of fact. No evidence was given of the number of the defendant’s deputies, or that he or any one of his deputies eould, without a dereliction of duties previously incurred to the Court, have gone to serve this writ during term time. Without such evidence, there is a presumption in favour of the return, as to the truth of the facts stated in it; and therefore it is to be assumed, that
 
 the writ came to
 
 hand, as stated, that the term of the Court began and continued, and the residence of the defendant in that suit was, and the engagements of this defendant and his deputies were, also as stated. If so, the return, though it may be legally insufficient, is substantially true in fact, as what follows — “ so that I could not serve this writ on the defendant” — is barely a conclusion or inference from the preceding facts, and purports only to be so, and could not deceive the plaintiff as to the acts of the sheriff or with respect to his recourse on him.
 
 The counsel
 
 for the plaintiff supposed the case to fall within those of
 
 Lemit
 
 v.
 
 Freeman,
 
 7 Ired. 317, and
 
 Hauser
 
 v.
 
 Hampton,
 
 7 Ired. 333. But they are not at all alike. The returns in both of those cases were directly false in point of fact. In the latter case there was a return of
 
 non est inventus,
 
 when
 
 *315
 
 the sheriff or his deputy, which is all one, had actually been in conversation with the defendant in his county. And in the former, without returning the day of receiving the writ, and concluding from it, that “ so the writ was not in time to be served,” the sheriff took upon himself to state the fact directly and positively,
 
 u
 
 too late to execute,” when in truth the writ was in his hands seventeen days, as proved on the trial. Both returns were therefore proved to be false, and the plaintiff was entitled to recover. But here it is quite otherwise *, for, as far as shown on the trial, not a statement in the return, purporting to be a statement of a fact, was in the least untrue.
 

 Per Curiam. Judgment reversed and
 
 venire de nove