Pearson, J.
 

 It is properly conceded, in this Court, that there is error in respect to the return’s not being false, “ be
 
 *351
 
 cause it was true in point of fact when made.” But we are of opinion with the defendant upon the objection arising out of the construction of the statute. Its provisions do not apply to a return made to a
 
 capias
 
 in a criminal proceeding.— The words of the statute, it is true, are very general: “ all writs and other process to him legally issued and directed.”— Eev. Code, cliap. 105, sec.
 
 VI.
 
 These general words are restrained by other parts of the section, i. e.
 
 “
 
 one moiety to the party grieved.” It is evident that the word
 
 “pa/rty
 
 ” is here used to signify aywscwt/ — eithersome individual, or a corporate body other than the sovereign. “Where such process shall be delivered to him twenty days before the sitting of the court to which the same is returnable.” This excludes a process to arrest the body of one charged with an offence against the State; for the sheriff is bound to execute such process without reference to the time of its delivery to him. “ And, moreover, be further liable to the action of the party grieved,
 
 for
 
 damages.” This likewise excludes such process; for a neglect of duty, in respect thereto, is not redressed by-an action for damages in the name of the State, but by an indictment 'for a misdemeanor in 'office, as a high offence against the public.
 

 The Court is of opinion that the provision of the statute does not apply to the case under consideration, and on that ground the judgment of the Court below is affirmed.
 

 Per Cu-eiaM. Judgment affirmed.