Manly, J.
 

 This is an action for the penalty of five hundred dollars, under the provision of our code, which compels the sheriff to make true return of all process to him directed ; Rev. Code, ch. 105, sec. 17.
 

 To subject one to the heavy penalty of the statute, the falsehood must be stated as a fact, and not merely by way. of inference from facts.
 

 An instance of the former kind is found in the case of
 
 Lemit
 
 v. Freeman, 7 Ired. Rep. 317, where the return was, simply, too late to hand, which was held to be false, when the sheriff was shown to have had it in his hands seventeen days. An instance of the latter will be found in
 
 Lemit
 
 v. Mooring, 8 Ired. Rep. 312, where the return was, “This writ came to hand on 22d of February, 1847, during the term of Martin
 
 *467
 
 Superior Court of law, and from that day,’until Friday, inclusive, of that Court, I, and my deputies were engaged, so that I could not serve said writ on defendant, who lives fifteen miles from the court-house, &c., and this was held to be not a false return. If any thing was false about it, it was a mere inference from facts truly stated.
 

 The return, in the case before us, is, “received March 8th, 1859, too late to hand.” This falls directly within the case of
 
 Lemit
 
 v. Mooring,
 
 supra.
 
 The day of its reception is endorsed — the day of its return is known — -the “too late to hand” in this case, is merely
 
 & false mferenee •
 
 if false, at all. The •■distinction between our case, and the case of
 
 Lemit
 
 v.
 
 Freeman
 
 is, that in the latter, no facts are given, other than “ too late to hand;” and, standing thus alone', it is a statement to the effect that five days did not intervene between its reception and return day, which was false in fact.
 

 The amendment of the sheriff’s return, which was allowed by the County Court of Craven, did not, in any respect, alter its character. It was still, a statement of facts with a false inference. Indeed, the amended return seems to have been copied from the return made' by the sheriff, in the case of
 
 Lemit
 
 v. Mooring, and the latter case would, therefore, be a direct authority against the-maintenance of this action upon the amended return. So, that which ever way you take it, upon the original, or upon the amended return, the action cannot be supported.
 

 This makes it unnecessary for us to consider the propriety of the amendment allowed by the County Court. The action could not be maintained upon the return in either form, and ■the instruction of the Court below, was, correct.
 

 Pee. Curiam,
 

 Judgment affirmed*