Manly, J.
 

 After some reflection upon the facts of this case, we arrive at a different conclusion from that of the Court below.
 

 It does not appear, definitely, upon what day in December the defendant received the subpoena. It was either delivered to him personally, or transmitted through the mail from Ire-dell to Yadkin on the 10th ; and as the distance is short, and we are certainly informed that he received it in that month, on some day previous to Christmas, it is fair to conclude he received it as early as the 16th. Claywell, the individual to be summoned, had an established and well known residence in the county, and was absent from the county for five days, only, immediately preceding Christmas day.
 

 We attach but little importance to the distance between the sheriff and witness’ residence. The sheriff must be able, eithther by himself or deputies, to discharge his duty in all parts of the county, with proper official dispatch.
 

 In like mannner, we attach but little weight to the misinformation derived from Beuham. The sheriff should assure himself of a fact, upon which he bases a return, by something more certain than the conjectures of wayside men.
 

 Without criticising the words in which the return, “
 
 not to be found,”
 
 is couched, but putting a construction on them most favorable to defendant, viz: that witness had not been iound after due search, and our opinion still is, that it amounts to a false return. It was not true, thus, to say, by implication, that proper search had been made.
 

 If the sheriff desires to avoid the heavy penalty of the stat
 
 *472
 
 ute for
 
 afalse rebwm,
 
 he should, in all cases of doubt, return the facts, and not merely his
 
 conclusions.
 
 By doing so, if it should appear that he has erred, he will have subjected himself to the penalty of $100,
 
 for
 
 not duly executing and returning, but not to the higher penalty for a false1 return. This last penalty is imposed only for returns false
 
 in fact,
 
 and not for those which are false only by way of
 
 inference,
 
 (the facts being truly stated). This distinction, is taken in the late case of
 
 Hassel
 
 v.
 
 Latham,
 
 7 Jones, 465.
 

 The law, as well as Christian morality, abhors falsehood. It is especially mischievous and odious in a public officer, and hence the severe penalty imposed upon it in the Code, chap. 105, sec. 17. It is not necessary there should be a criminal intent. This characteristic is probably absent from the present case. Falsehood, in fact, is the mischief guarded against. The rigour of the rule is essential to secure, on behalf of the public, a
 
 corps
 
 of officers, diligent, circumspect and truthful, qualities which will be regarded the more indispensable, when we consider the numerous important and sacred interests, committed to their charge.
 

 We repeat that this is no hardship to the sheriff. If he be in any doubt as to the legality of his conclusions in making a-return, let him return th© facts and throw himself upon the-judgment of the court. He can, in that way, avoid the penalty of a mistatement of fact, while he will fall, at worst, on-the penalty for negligence, which is comparatively venial.
 

 In the present state of the sheriff’s return, we think it i& false.
 

 The nonsuit must, therefore, be set aside, and a
 
 mnwe d'& novo
 
 ordered.
 

 Per Curiam,
 

 Judgment reversed.