Manly, J.
 

 The return of the sheriff, which is the subject •of this action, is certainly untrue. We have held, at this term, in the-case of
 
 Tomlinson
 
 v.
 
 Tong,
 
 (ante 469) that it is snot necessary the officer should be convicted of any criminal intent.
 

 It follows, therefore, that the return is false, in the sense of the statute, Bev. Code, chap. 105, sec. 17, .and that the defendant, in the present state ¡of the return, 3s subject to the
 
 *474
 
 penalty of $500. We refer to what is said in the case of
 
 Tomlinson
 
 v.
 
 Long,
 
 as containing the reasons that control our judgment in this.
 

 The great importance of securing for these returns, absolute verity, being
 
 quasi
 
 records, and the strong temptations, which exist to cover over omissions by the technical form of a return, lead us to adopt the stringent rule, that every untrue return, in fact, is a false return, within the purview of the statute.
 

 It is not difficult to conceive of cases, in which the sheriff might be deceived into a false return without laches on his part. In such cases the power of allowing amendments, so as to state the facts of the case, should be liberally indulged by the court. Ey such means, any surprise, into which the officer, might have fallen, would readily be obviated.
 

 We concur, therefore, entirely with the Court below, in its judgment, as to the character of this return.
 

 But there is an irregularity in the verdict, for which the judgment must be arrested. The action is,, properly, one of debt. The plea is
 
 nil clehet.
 
 The verdict finds all issues in favor of the plaintiff, and assesses his damages to $500, and interest.-
 

 This is not such a verdict as consists with the pleadings. It would have been technical and proper, in an action upon the case, for damages, which are secured by the same statute that gives the penalty, but is insensible as a finding in an action, upon the statute, for the penalty. It is not responsive to the issues, and there can be no judgment upon it; Archbold’s N. P. 350.
 

 Per Curiam,
 

 Let the judgment be arrested.