R. B. PEEBLES v. JAMES W. NEWSOM, sheriff, &c.

A sheriff who, on the 6th of January, 1873, returns on an execution that he has collected and paid over the amount thereof, when in fact the money was not collected, &c., until some ten days thereafter, is liable for the penalty of $500, as for making a false return.

(The case of *Ledbetter* v. *Arledge*, 8 Jones 475, cited and approved )

CIVIL ACTION to recover the penalty against a sheriff under the statute, for making a false return, tried before *Watts J.* at January Term, 1876, of NORTHAMPTON Superior Court.

The complaint alleged: That at June Term, 1872, of the Supreme Court, judgment was rendered in an action in said court in favor of the State of North Carolina on the relation of W. R. Cox, Solicitor, to the use of M. F. Peebles against N. Peebles and others, for the sum of $15,337.28.

On the 12th of October, 1872, execution issued upon said judgment against the property of said defendant, which execution was directed and delivered to the defendant, as sheriff of Northampton county.

The defendant afterwards returned upon the execution to the Clerk of the Supreme Court at Raleigh as follows :

January 6th, 1873 : I have collected the sum of nine thousand three hundred and sixty dollars and eighty-five cents, it being the amount found to be due according to the decree, this execution being subject to the credits as per statement. The amount paid over to R. B. Peebles, guardian.

  (Signed)     JOS. W. NEWSON, Sheriff.

That said return was false, in that the said sum was not collected until about ten days after the 8th day of January, 1873.

That said false return damages M. F. Peebles by loss of interest to about the sum of fifteen dollars.

The defendant demurred to the complaint, and as cause of demurrer alleged :

I. That it appears upon the face of the complaint that the action cannot be maintained by the plaintiff in his own name for any of the matters therein alleged.

II. That the action can only be maintained for any matters in the complaint alleged in the name of the State of North Carolina.

III. That the complaint fails to allege that the return was false within the knowledge or belief of the defendant, and was not honestly and in good faith made under belief of its truth.

IV. That it does not appear that any false return was made.

V. That the complaint does not state a cause of action against the defendant.

VI. That the complaint does not show any cause of action accruing to the plaintiff.

Upon the hearing the court rendered judgment sustaining the demurrer, and thereupon the plaintiff appealed.

*R. B. Peebles*, for appellant.
*Barnes* and *Smith & Strong*, contra.

READE, J. We decide the case against the defendant with reluctance, because he is only charged with " false return " in endorsing the date when money was collected under execution as 6th January, when in fact it was not collected until some ten days after. This, although untrue in fact, is consistent with mistake or inadvertence. And, coupled with the fact that no fraud is charged, and especially with the fact that the amount collected was the amount returned, so that he was in no way benefitted ; it seems to be a hardship to put upon him a penalty of $500. If it had been charged that he did it deceitfully or fraudulently, or that he derived any benefit from it from which a corrupt purpose might be inferred, it would be very different. And our first impression was that it was necessary to charge that he did it *deceitfully*, and if it were

an open question, we would probably so hold; but the contrary has been expressly decided in *Ledbetter* v. *Arledqe*, 8 Jones, 475, and several other cases therein cited, that a criminal intent is not necessary; it is only necessary that the return should be *untrue*.

Any hardship resulting from this rule may be relieved, and will be relieved by our law of amendments. If a return is false by mistake or inadvertence, the court will allow the sheriff to amend his return, so as to speak the truth. If the return is false of purpose, then no amendment will be allowed, and the penalty will be recovered. It is of great importance that judicial proceedings and all executions and returns of process should be absolutely truthful.

There is error. This will be certified.

PER CURIAM. Judgment reversed.