JAMES A. HARRELL v. JAMES C. WARREN.

*Execution—False Return—Sheriffs—The Code,* §§ 1112, 2079— *Pleadings; form of Complaint for a False Return.*

1. Any person may sue for the penalty imposed upon Sheriffs by § 2079, of *The Code,* for a false return, and he need not mention in his complaint the other party to whom the statute gives one half of the recovery.

2. The penalty of $500 imposed for a false return by § 2079 is restricted to *Sheriffs,* and false returns by them made to *civil process.*

3. Formerly the penalty of $100, imposed for a false return to criminal process, was restricted to constables. Under *The Code,* § 1112, it is extended to Sheriffs and other officers, State or municipal, but is still confined to criminal process delivered to such an officer as is bound by law to execute it.

4. In order to render a Sheriff liable for a false return under § 2079, falsehood must be found in the statement of facts in the return.

5. If a return be false in fact, inadvertence or mistake is no excuse or protection to the officer, although no intentional deceit was practiced.

6. In an action for the penalty imposed for a false return the complaint stated, in substance : That an execution was placed in the Sheriff's hands, and by him levied on the goods of the defendant therein named, which goods the Sheriff kept locked up for several days; that defendant in the execution, at the time of the levy, demanded that his exemptions be allotted to him; that defendant paid the Sheriff $2.50 in part of the execution, while his goods were held under the levy : that after keeping said goods several days and receiving the said $2.50, the Sheriff returned said execution : " Levy made ; fees demanded for laying off exemptions and not paid. No further action taken ;" that said return was false in that it did not state that he had collected said $2.50 on the execution ; *Held,* that a demurrer to the complaint should be sustained, because there was no averment that the statement contained in the return was untrue, or that the demand by the Sheriff for his fees was not made and refused.

7. Upon such a state of facts the failure to mention the payment of $2.50 in his return, made the return *defective*, but such an omission does not render the Sheriff liable to the penalty imposed for a false return.

CIVIL ACTION, against a Sheriff, to recover the penalty imposed by § 2079 of *The Code*, for a false return, tried before *Graves, J.,* at Fall Term, 1887, of CHOWAN Superior Court.

The defendant demurred to the complaint. Demurrer overruled. Appeal by defendant.

The action, begun by the issue of a summons on the 21st day of March, 1887, is prosecuted by the plaintiff against the defendant for an alleged false return, made by him as Sheriff, to an execution delivered into his hands in favor of John Smith against the plaintiff, and the recovery of the penalty given by § 2079 of *The Code.* The complaint filed is as follows :

The plaintiff, complaining of the defendant in this action, alleges :

1. That the defendant, James C. Warren, was duly and regularly elected Sheriff of Chowan County at the regular election in November, 1884; that he qualified, according to law, on the .. day of December, 1884, gave bonds, which were approved and accepted by the proper authorities; was

inducted into and took possession of said office of Sheriff, and became and continued from that date to be the duly qualified and acting Sheriff of Chowan County until his term expired, according to law, in December, 1886.

2. That at Spring Term of the Superior Court of Chowan County, for the year 1885, in an action therein pending, a judgment was rendered, in all respects regular and valid, after due notice to this plaintiff, who was a party thereto, in favor of John Smith and against James A. Harrell (this plaintiff), for the recovery of a certain horse, described in the complaint in said action, or for one hundred dollars and interest on same from date of undertaking in said action, if delivery could not be had, and for the recovery of the sum of twenty-four dollars and fifteen cents, costs of said action, and that said judgment was regularly docketed in said Superior Court at said term.

3. That on the 31st day of August, 1886, said judgment having before then been settled, except as to the costs, and only a part of said costs having been paid, an execution was issued from said Superior Court of said county, directed to the Sheriff of said county, commanding him to cause to be made the sum of twenty-two dollars and fifteen cents of the goods and chattels, lands and tenements, of James A. Harrell (this plaintiff), and to return same with said execution to said Superior Court on the 4th Monday after the 1st Monday in September, 1886.

4. That said execution, a copy of which is hereto attached, marked " B," and made a part of this complaint, was delivered to said James C. Warren, Sheriff as aforesaid, and that said Warren, under and by virtue thereof, on the 2d day of October, 1886, levied upon the goods, wares and merchandise in a store in Edenton, in possession of said James A. Harrell (this plaintiff), locked said store, refused, on demand of Harrell, to have his exemptions allotted, and kept the

keys of said store for several days, the goods in the mean-
while being locked up in said building.

5. That this plaintiff, on the 6th day of October, 1886,
paid to said James C. Warren, Sheriff as aforesaid, on and
in part satisfaction of said execution, the sum of two dollars
and fifty cents.

6. That, after keeping said Harrell's goods, wares and
merchandise in his custody for several days, and after being
paid by Harrell on said execution the sum of two dollars
and fifty cents, as stated, the said Warren, Sheriff as afore-
said, returned said execution to said Fall Term of Chowan
Superior Court, which began on the 4th day of October, 1886,
with a return endorsed thereon, signed by him as Sheriff, in
the following words:

" Levy made; fees demanded for laying off exemptions,
and not paid. No further action taken.

(Signed)            J. C. WARREN, *Sheriff.*"

7. That said return, made by said Warren, as Sheriff, on
said execution, was a false return, in that it did not state
that he had collected any money on the same.

8. That this plaintiff, James A. Harrell, is the party ag-
grieved by said false return, as he still appears, by said re-
turn, as owing the full amount of said execution, and there-
fore he brings this suit to recover the penalty prescribed of
five hundred dollars.

9. That before bringing this action, he demanded of said
Warren payment of said sum, and that said Warren refused
to pay the same.

Wherefore plaintiff demands judgment against said de-
fendant for the sum of five hundred dollars, and for costs of
this action.

The defendant demurred as follows:

" The defendant demurs to the complaint in this action, because the facts therein set out do not constitute a cause of action, for that :

1. It does not appear that the return of the Sheriff is false in fact.

2. It does not appear that the return of the Sheriff was not a due return in the meaning of the act.

3. That if any cause of action is set out in the complaint the penalty recoverable for the same is less than two hundred dollars, and this Court has no jurisdiction of the same.

Wherefore defendant demands judgment that he go without day and recover his costs."

The Court adjudged that the demurrer of the defendant be overruled, and that the defendant be allowed to answer, and that the plaintiff recover of the defendant the cost of the term.

From this judgment the defendant appealed to this Court.

*Mr. John Devereux, Jr.,* for the plaintiff.
No counsel for the defendant.

SMITH, C. J., (after stating the facts).   The case has not been argued for defendant, and besides the specific grounds assigned in the demurrer, we meet at the threshold the question, whether any cause of action upon the facts stated, accrues to the plaintiff, and this objection has been disposed of in cases heretofore before the Court.

In *Martin* v. *Martin*, 5 Jones, 346, it is decided that any person may sue for the penalty, and he need not mention the other party to whom the statute gives one moiety of the recovery.   The same point was made, and though not specially mentioned in the opinion, was necessarily overruled in the judgment rendered for the plaintiff, in the later case of *Peebles* v. *Newsom*, 74 N, C., 473.

Nor is the objection taken in the demurrer to the jurisdiction tenable, based upon the suggestion that only $100 are recoverable according to section 1112 of *The Code*, the claim to which must be made in a Justice's Court.

The present action is not brought under that section which belongs to the chapter entitled "Crimes and Punishments," but to enforce the enactment contained in § 2079, which has long been the law, and which this Court decided, in *Martin* v. *Martin*, 5 Jones, 349, was restricted to civil process and false returns made thereto by Sheriffs. At the time of this ruling the penalty of $100, imposed for false returns made to criminal process, was restricted to constables and forms part of the chapter (§ 118) devoted in the Revised Code to crimes and punishments. In its transfer to the present *Code*, its scope has been enlarged and made to embrace Sheriffs, constables and other officers, State or municipal, but is still confined to criminal process delivered to such officer as is bound to execute it. There is, therefore, no unauthorized assumption of jurisdiction, and the suit is brought in the proper Court.

The main and essential matter is, has a false return been made? Not an *insufficient return*—for this is punished less rigorously and in a more summary way. There must falsehood in the statement of facts be found in the return in order to incur the $500 penalty, and for this, inadvertence or mistake furnishes no excuse and no protection to the officer. So it is held in *Tomlinson* v. *Long*, 8 Jones, 469; *Albright* v. *Tapscott*, Ibid., 473; *Finley* v. *Hayes*, 81 N. C., 368, and in *Peebles* v. *Newsom, supra.*

It appears from the plaintiff's allegation, that the defendant refused, on demand of the plaintiff, who was defendant in the execution, to separate from the stock of goods levied on and assigned to the plaintiff his exempted part thereof, the reason for not doing which is set out in the Sheriff's return. There is no averment in the complaint that the

statement is untrue, or that the demand of the Sheriff for his fees was not made and refused. and that in consequence the Sheriff did not proceed further. There is, so far as shown, no falsehood in this part of the return, and no action can be maintained for the statutory penalty given for a "*false return.*"

The numerous adjudged cases fully sustain this interpretation of the enactment and of its purposes, as will be seen by a reference to some of those most pertinent to the present inquiry.

A Sheriff's return, "not to be found in my county," was declared to be false when no effort had been made to find the party, because "not to be found" implies and means that a search has been made, and this is untrue; *Tomlinson* v. *Long,* 8 Jones, 469.

"Too late to execute," was so held in *Lemit* v. *Freeman,* 7 Ired., 317, where the process passed into the Sheriff's hands more than ten and less than twenty days before the term of the Court to which it was to be returned.

In *Lemit* v. *Mooring,* 8 Ired., 312, the Sheriff sought to excuse the neglect to execute the writ, and returned, in substance, that himself and his deputies were officially and so constantly employed as to be unable to serve it, after it was received; in reference to which, RUFFIN, C. J., remarks, in regard to the incurring the penalty, that "to have that effect, it (the return) must be *false in point of fact, and not false merely as importing, from facts truly stated, a wrong legal conclusion.*"

But the subject is very clearly discussed, and the true meaning of the statute, in its application to these officers, ascertained and declared by the late Chief Justice, in the opinion delivered by him in *Martin* v. *Martin, supra,* from which we quote, instead of further comment of our own, as settling the law:

"'Not satisfied,' is an *insufficient* return to a writ of *fieri facias,*

for the reason, that it does not set forth the ground upon which the officer has failed to make the money. But it may, nevertheless, be a *false* return. For instance, suppose the officer made the full amount required by the execution, and returned it "not satisfied." Such a return is clearly false; it may be, he has made only a part of the amount, and without any reference to the part received, returns it 'not satisfied'; it would not be a false return—because, taking it literally, the execution is not satisfied, and the return may have referred to that part merely. But when, as in our case, the return is made in reference to the part received, and *sets forth a payment in January, and another in March, suppressing the fact of the other payment in February,* then 'not satisfied' is used in the sense of *not satisfied as to the residue,* and is necessarily false, in respect to the payment suppressed."

This is a very lucid exposition of the enactment, and dispenses with further observations from us.

Assuming, as we must, for the purpose of the demurrer, the truth of every averment of fact contained in the complaint, there is no conflict between it and the return that brands the latter with falsehood, and such repugnance is essential to the action.

The defendant, in order to ·a full and proper response to the writ, ought to have made mention of the small payment made him, and in this particular, the return is defective, yet he says nothing to the contrary—nothing false in fact; and the omission to do what ought to have been done in making his return, does not bring the Sheriff under this condemnation of the statute—an enactment so severe as not to excuse when there is a mere mistake, and no intentional deceit practiced. *Peebles* v. *Newsom, supra.*

There is error. The judgment must be reversed, and the demurrer sustained.

Error.                                              Reversed.