BURNETT STEALMAN v. S. J. GREENWOOD.

*Sheriff's Return of Process—Penalty—Amendment.*

A Sheriff may amend his return of process so as to make it speak correctly, even after suit brought for the penalty imposed for a false return, and such amendment defeats the plaintiff's right to recover such penalty.

Action tried at Spring Term, 1893, of WILKES Superior Court, before *Boykin, J.*, and a jury.

Plaintiff's action was for an alleged false return made by defendant Sheriff for the penalty of $500, prescribed by statute.   Plaintiff introduced in evidence a judgment of a Justice of the Peace, duly docketed in the Superior Court in a

cause entitled Burnett Stealman *v.* Joel Church, in which it was adjudged that the plaintiff recover of the defendant the sum of $7.50 and interest and costs, etc. Plaintiff also introduced an execution issued upon the aforesaid judgment, commanding the Sheriff to satisfy said judgment out of the personal property of the defendant, and if sufficient personal property could not be found, then out of the real property belonging to the defendant on the day when the said judgment was docketed, etc. The Sheriff returned this execution as follows:

"This execution not satisfied; collected from sale of land (see return of sale in this execution) $9.50; my fees and commissions retained—$2.56; paid into office, $6.94. After due advertisement according to law, I sold the land described in the levy in this execution on the 13th of October, 1890, at the court-house door, when James W. McNeill became the bidder in the sum of $9.50."

By leave of the Court, the following amended return is made on the execution:

"That I received the execution on the 7th of April, 1890. The plaintiff furnished me $5 to defray expenses of laying off homestead and personal property exemption. I proceeded to summon appraisers (naming them), who proceeded, on the 7th of August, 1890, to view the defendant's land and lay off and assign to him his homestead therein, and his personal property exemption. There was no excess of personal property out of which any part of the execution could be satisfied, and I levied the execution on the excess of the defendant's land as found by the appraisers, and after due advertisement and notice to defendant I sold the same publicly to the last and highest bidder, at the court-house, on September 13, 1890, when James W. McNeill became the bidder and purchaser thereof at the price of $9.50. That of the $5 furnished me by plaintiff to lay off the homestead, etc., I paid $1 to each of the three appraisers above named and retained

STEALMAN *v.* GREENWOOD.

$2 as my fee for laying off the homestead, etc., and out of the money arising from the sale I retained my commissions on this execution, in which is included 62½ cents due me on a former execution issued in the same case, returnable to March Term, 1890, as will appear by the return on said execution, and paid the balance ($6.94) into office. This 14th day of September, 1891." (Signed by the Sheriff, by J. H. Andrews, D. S.)

After this action commenced, on a notice issued to the plaintiff at Fall Term, 1891, the defendant was allowed to amend his said return on the execution as above, which said amendment was made and attached to the aforesaid execution, and the plaintiff excepted.

Issue submitted by the Court: "Is the plaintiff entitled to recover the statutory penalty demanded in the complaint?" Answer: "No."

The Court instructed the jury that if they believed the evidence, the plaintiff could not recover. Judgment for defendant, and appeal by plaintiff.

*Mr. L. S. Benbow,* for plaintiff (appellant).
*Mr. D. M. Furches,* for defendant.

MACRAE, J.: Plaintiff's counsel readily concede the power of the Court to allow the amendment, but they deny that its effect is to discharge any part of the penalty, especially the part thereof which is said to belong to the plaintiff. They contend most strenuously that the Court has no right to "purge the vice" of the false return and discharge the penalty after the popular action becomes a private one of plaintiff by reason of his bringing suit. The authorities cited by the learned counsel for the plaintiff seem to establish the position that popular actions can only be barred, after suit brought, by a pardon, and possibly by a repeal of the penal statute. But the power of amendment in the Courts to make

the return speak the truth (the amendment, when made, relating back to the time of the return) is entirely distinct from the power to remit or to pardon, and has been too long established and is too well settled to be now disturbed.

The statute, as interpreted in this State, imposing the penalty, even in cases of mere mistake, would seem severe and apparently harsh, but for the extreme importance both to public and private interest that these returns should in all cases speak the truth. Hence the discretionary power of allowing amendments in meritorious cases has always been liberally exercised. *Albright* v. *Tapscott*, 53 N. C., 473.

In *Hassell* v. *Latham*, 52 N. C., 465, which was an action like the present, brought in the Superior Court for a false return in the County Court, where the Sheriff was allowed to amend in the latter Court, it was held that the plaintiff was not entitled to recover. While it does not appear in so many words that the amendment was made after suit brought, there is much to indicate that such was the fact. In *Patton* v. *Marr*, 44 N. C., 377, which was a motion to amerce for an insufficient return, it was held that the return was not sufficient, and the Court said: "Nor can there be any doubt that the Court would have allowed the Sheriff (the defendant), if he had been here, to amend his return." In *Finley* v. *Hayes*, 81 N. C., 368, the Court said: "It is inconceivable how it was that the defendant did not obtain leave to amend his returns so as to acquit himself of all penalty." In *Peebles* v. *Newsome*, 74 N. C., 473, it is said that "any hardship resulting from this rule may be relieved, and will be relieved, by our law of amendment."

The plaintiff, by bringing this action, acquired no such vested right to the penalty that it might not be defeated by an amendment of the return. Murfree on Sheriffs, § 879. This power of allowing amendment is so deeply fixed into our judicial system that all persons bringing such actions as the present do so with notice that the return may be amended

and the penalty never recovered. There are many instances of amendment of process by which rights are acquired and lost. Defects in judgments may be amended even after a writ of error, and executions may also be amended after they have been acted upon, so as to render them a justification to the officer where otherwise they would not be, "although it thereby may bar an action of him who has been imprisoned on it, or had his property sold under it, while in an imperfect state. *Bender* v. *Askew*, 14 N. C. (3 Dev.), 149.

No Error.