W. F. CAMPBELL, Administrator, v. A. J. SMITH et al.

*Amendment of Officer's Return of Process—Discretion of Judge.*

An officer has not, " as a matter of law," the right to amend his return
of process in order to correct an error, but it is within the discre-
tion of the presiding Judge to permit such amendment in merito-
rious cases.

This was a motion by F. F. Rankin, Sheriff, to be allowed
to " correct " his return made on a summons in a special pro-
ceeding, which was denied by the Clerk, but upon appeal
from such refusal, *Battle, J.,* at Fall Term, 1894, of STOKES
Superior Court, permitted the amendment, and held " that
as a matter of law," under the circumstances, the Sheriff had
a right to have the return amended. It appeared from the
affidavits that a Deputy Sheriff having the summons to
serve upon one Darian Smith, who was a doctor, and with
whom he was not acquainted, asked a bystander in a court
room whether he knew " Dr. Smith," and being directed to
one Dr. J. R. Smith, made service upon the latter. The
return stated that the summons had been served upon
" Darian Smith."

From the order of the Judge allowing the amendment,
the plaintiff appealed.

*Messrs. Stack & Bickett* for plaintiff (appellant).
*Messrs. Watson & Buxton,* for defendants.

CLARK, J.: If the person upon whom a summons is incor-
rectly returned as " served " moves to have the record
amended, he is entitled to have it amended, so far as it may
affect him, as a matter of right, so that the record may
" speak the truth." Not so as to the officer making the
return in a proceeding ·against him for liability for such

return, for then, as to him, the record does already speak the truth, which is that he made such and such return. Whether such return was in fact true or not when made, is not a matter of record evidence. Amendments in such cases have been allowed by the Courts, at the instance of the officer, to prevent hardships (*Hassell* v. *Latham*, 52 N. C., 465; *Patton* v. *Marr*, 44 N. C., 377; *Finley* v. *Hayes*, 81 N. C., 368,) but only "by the leave of the Court," in the exercise of the powers wisely vested in the presiding Judge. To hold that in such cases, " as a matter of law," the officer has the right to amend his return, would be simply a repeal by the Courts of every statute which the Legislature in its wisdom, has seen fit to provide as a security against carelessness or fraud in the return of process. *Tomlinson* v. *Long*, 43 N. C., 469; *Albright* v. *Tapscott*, *Ib.*, 473. The Courts have never gone further than to leave the question of relief to the judgment of the presiding Judge, under the discretionary power of amendment in meritorious cases. Whether even this could be done after proceeding for the penalty, or motion for amercement had been entered, was left an open question in *Manufacturing Co.* v. *Buxton*, 105 N. C., 74, though finally sustained in *Stealman* v. *Greenwood*, 113 N. C., 355. But that question is not before us. His Honor, in effect, held that he had no power, but, " as a matter of law," the Sheriff was entitled to take his amendment. In this, there was error.

Error.