### STATE v. FORREST C. BERRY.

(Filed 24 May, 1915.)

**1. Criminal Law—Indictment—Sheriff's Return of Civil Process.**

The willful failure of a sheriff to return process directed to him from the Superior Court is made a misdemeanor by the provision of Revisal, sec. 3604, and applies to civil as well as criminal process, its placing under the title of "crimes and punishments" being irrelevant in construing the language employed; and this interpretation is also applicable under Revisal, secs. 3576, 3592. *S. v. R. R.,* 145 N. C., 498, cited and distinguished.

**2. Same—Corrupt Intent.**

It is unnecessary for an indictment against a sheriff for willful failure to return legal process directed to him to allege a corrupt intent.

APPEAL by State from *Cline, J.,* at January Term, 1914, of HAYWOOD.

Indictment against defendant sheriff of Burke County for failure to return certain executions, heard upon motion to quash. The court quashed the bill, and the State appealed.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*Avery & Ervin for defendant.*

BROWN, J. The defendant, as sheriff, was prosecuted on an indictment alleging that he "willfully and unlawfully did fail to return a certain process to him directed from the Superior Court of Haywood County, towit, one execution issued on a judgment in favor of American Lumber Company as plaintiff and Abernethy & Lyerly as defendants," etc.

A motion by defendant was made to quash the indictment, on the ground that it is not an indictable offense under the statutes of North Carolina for a sheriff to fail to return the process issued to him in a civil action.

From a judgment sustaining the motion to quash, the State appealed.

No point is made as to any technical defect in the indictment. The only ground of the motion to quash was that it was not an indictable

offense for a sheriff to fail to return a process issued to him in a civil action.

It is said that the indictment is founded on section 3604 of the Revisal, which reads as follows: "If any sheriff, constable, or other officer, etc., . . . refuse or neglect to return any precept, notice, or process to him tendered or delivered, which it is his duty to execute, or make a false return thereon, he shall forfeit and pay to any one who will sue for the same, $100, and shall, moreover, be guilty of a misdemeanor."

An analysis of this section fails to disclose any reason why it does not cover the offense charged in the indictment in this case. It is said that this statute, which is identical with section 1112 of The Code, has been held to be confined to criminal processes only. It is claimed that this was decided by this Court in *Hall v. Warren,* 100 N. C., 264. It is not plain by any means that the Court so held. It is said in that case: "The present action is brought under that section (1112 of The Code), which belongs to the chapter entitled 'Crimes and Punishments.' "

The only language in the opinion which we can find from which it can be inferred that this statute is applicable only to criminal process is that which we have quoted from the opinion. The fact that the statute is embraced in the chapter on "Crimes and Punishments" is no warrant whatever for the position that its language applies only to a failure to return criminal process. As the statute is a criminal statute and creates an offense, it is very properly placed in the chapter on "Crimes and Punishments," and the fact that it is there does not alter its character or limit or qualify the plain meaning of its language.

This seems to have been a mere *obiter* and not at all necessary to a decision of that case. This inadvertence is referred to in *Mfg. Co. v. Buxton,* 105 N. C., 75, in these words: "Section 1112 is found in the chapter on 'Crimes and Punishments,' and it is held in *Harrell v. Warren,* 100 N. C., 259, to apply only when criminal process is delivered to an officer." No reason is given in either case for a construction so at variance with the plain language of the statute itself.

Therefore, we are unwilling to perpetuate the error any longer. We conclude that this section of Revisal, 3604, is amply sufficient to support the indictment. If this were not true, then there are two other sections of the Revisal which are amply sufficient to uphold the bill.

Section 3576 provides that "If any State or county officer shall fail, neglect, or refuse to make, file, or publish any report, statement, or other paper, . . . or to discharge any duty devolving upon him by virtue of his office as he is by law required to do, he shall be guilty of a misdemeanor."

Section 3592 in part declares: "If any . . . sheriff . . . shall willfully omit, neglect, or refuse to discharge any of the duties of his

office, for default whereof it is not elsewhere provided that he shall be indicted, he shall be guilty of a misdemeanor."

It is not necessary that the bill should allege or that the State should prove a corrupt intent in order to convict an officer of willful omission, neglect, or refusal to discharge his duty. *S. v. Hatch,* 116 N. C., 1003.

The principle laid down in *S. v. Snuggs,* 85 N. C., 542, and in *S. v. R. R.,* 145 N. C., 498, has no application here. In those cases it is held that when an offense is created by statute, and did not exist at common law, and the penalty for its violation is prescribed by the same statute, the particular remedy thus prescribed must alone be pursued, for the mention of the particular remedy makes the latter exclusive.

The difference between the statutes under consideration in those cases and section 3604 of the Revisal is that the last named statute prescribed not only a penalty, but likewise makes the violation of it a misdemeanor. In the two cases cited the statutes under consideration prescribed only a penalty, and did not make the violation of them a misdemeanor.

Reversed.