RAYMOND E. ROLLINS v. PAUL H. GIBSON AND R. F. WALKER

No. 7618DC315

(Filed 6 October 1976)

**Process § 4; Penalties— false return — recovery of penalty from sheriff — inapplicability to criminal cases**

The statute providing for the recovery of a penalty from the sheriff for making a false return, G.S. 162-14, does not apply to a return made to process issued in a criminal proceeding.

APPEAL by defendants from *Alexander, Judge.* Judgment entered 18 November 1975 in District Court, GUILFORD County. Heard in the Court of Appeals 31 August 1976.

Plaintiff brought this action against defendant Gibson, Sheriff of Guilford County, and against his co-defendant Walker, a Deputy Sheriff, to recover the $500.00 penalty provided for in G.S. 162-14 for making a false return.

In September 1974 the plaintiff in this action received a traffic ticket while driving on Interstate 85 between Greensboro and Lexington. He was convicted in the District Court in Davidson County and appealed to the Superior Court. On 13 November 1974 a subpoena was issued in that case directing plaintiff to appear before the Superior Court at Lexington on 25 November 1974. This was delivered to the Sheriff of Guilford County on 14 November 1974. It was returned on 24 November 1974 with the following notation:

"After due and diligent search Raymond Rollins not to be found in Guilford County. This 24 day of Nov., 1974. Time _____.

Paul H. Gibson, Sheriff
By s/R. F. Walker, D. S."

Because plaintiff failed to appear for the trial of the misdemeanor charge against him in the Superior Court in Davidson County, an instanter capias was issued from that court on 25 November 1974. Pursuant to this capias, plaintiff was arrested at his home in Guilford County on 29 December 1974. He was held in custody until he posted an appearance bond.

On 24 March 1975 plaintiff brought this action against Sheriff Gibson and Deputy Sheriff Walker. In his complaint,

plaintiff alleged that the return dated 24 November 1974 was false in that plaintiff was present in Guilford County at the address shown on the subpoena each day between 14 November 1974 and 24 November 1974.

The jury returned verdict finding that defendant failed to make due and diligent search for the plaintiff and that the return by the defendants was false. Judgment was entered that plaintiff recover $500.00 from the defendant, Paul H. Gibson, as penalty for said false return. From this judgment, defendants appealed.

*Michael R. Greeson, Jr., for plaintiff appellee.*

*William L. Daisy for defendant appellants.*

PARKER, Judge.

G.S. 162-14, the statute upon which plaintiff's claim is based, was originally enacted in 1777. Insofar as here pertinent it has remained virtually unchanged to the present times. Its provisions do not apply to a return made to process issued in a criminal proceeding. *Martin v. Martin,* 50 N.C. 349 (1858). The judgment appealed from is reversed and this cause is remanded with directions that plaintiff's action be dismissed.

Reversed and remanded.

Chief Judge BROCK and Judge ARNOLD concur.