### DORIS MARSH PACE v. B. HARRISON PACE.

(Filed 31 October, 1956.)

**1. Appeal and Error § 33—**

The pleadings are a necessary part of the record proper and may not be dispensed with by consent of the parties or by stipulation as to their contents.

**2. Parent and Child § 5—**

It is a public policy of this State that a father shall provide necessary support for his minor children, which duty he may not contract away or transfer to another.

JOHNSON, J., not sitting.

APPEAL by defendant from *Johnston, J.,* 4 August, 1956, in Chambers, from FORSYTH.

Civil action (as the parties stipulate, among other things) under the provisions of G.S. 50-16, instituted 30 March, 1949, upon a verified complaint of plaintiff (mother), a copy of which with summons was personally served 31 March, 1949, on defendant (father), wherein plaintiff prayed the court for custody of the child, Patricia Grey Pace, born to the parties, and for support and counsel fees.

The record contains stipulation of counsel as to record on appeal, in which it is agreed (1) "That the portions of the pleadings in this case not involved in the appeal shall not become a part of the record"; (2) That the various proceedings had were as therein narrated including (a) an order dated 22 July, 1950, signed by *Clement, J.,* and consented to by the parties respecting matter of custody and a lump sum settlement for support, and (b) an order dated 4 August, 1956, signed by *Johnston, J.,* after hearing on motion of defendant for partial custody of the child, and on motion of plaintiff for retention by her of custody

of the child, and for order that defendant contribute to the support of the minor child and for reasonable counsel fees,—in which, upon facts found, custody was awarded to plaintiff, with right of visitation in defendant, and defendant was ordered to pay into office of Clerk of Superior Court monthly the "sum of $100.00 for the support, maintenance and benefit of his minor daughter, Patricia Grey Pace." It is stipulated that these two orders and the motions, and certain affidavits filed by the parties, respectively, be made a part of the record. The pleadings are not included as part of the record on the appeal.

It is stipulated that defendant excepted to the signing of the order of 4 August, 1956, by *Johnston, J.,* and in apt time gave notice of appeal to Supreme Court.

*Robert L. Styers for Plaintiff Appellee.*
*Leake & Phillips for Defendant Appellant.*

Per Curiam. At the threshold of this appeal it is noted that the pleadings are not contained in the record filed in this Court. Pleadings are a necessary part of the record proper upon appeal—Rule 19, Section 1, of the Rules of Practice in the Supreme Court, 221 N.C. 544, at page 553. And Rule 20 of Rules of Practice provides that "Memoranda of pleadings will not be received or recognized in the Supreme Court as pleadings, even by consent." Failure to send up necessary parts of the record proper has uniformly resulted in dismissal of the appeal. See among others *S. v. Lumber Co.,* 207 N.C. 47, 175 S.E. 713, and cases cited. See also Shepard's North Carolina Citations, headnote 1, of *S. v. Lumber Co., supra,* including *Griffin v. Barnes,* 242 N.C. 306, 87 S.E. 2d 560.

Nevertheless, in the light of the public policy of this State that a father shall provide necessary support for his minor children, "a duty he may not shirk, contract away, or transfer to another," *Ritchie v. White,* 225 N.C. 450, 35 S.E. 2d 414, error in the order of 4 August, 1956, is not made to appear.

Appeal dismissed.

Johnson, J., not sitting.