In re William M. PATTON, Debtor.

Margaret EHLENBECK,
Plaintiff-Appellee,

v.

William M. PATTON,
Defendant-Appellant.

No. A–C–85–369.
Bankruptcy No. A–B–85–00085.
Adv. No. 85–136.

United States District Court,
W.D. North Carolina,
Asheville Division.

March 4, 1986.

Robert M. Pitts, Asheville, N.C., for defendant-appellant.

Thomas R. Bell, Jr., Asheville, N.C., for plaintiff-appellee.

## OPINION

SENTELLE, District Judge.

THIS MATTER arises as an appeal from an adversary proceeding. Margaret Ehlenbeck, Creditor, was a client of attorney William M. Patton before his bankruptcy. From the stipulations and findings in the bankruptcy adversary proceeding, it appears that she delivered to Patton the sum of fifty-five thousand dollars in trust for the purchase of real estate. Instead of applying the sum as directed, Patton embezzled the same and used it for his own purposes. He thereafter filed this bankruptcy proceeding in which Appellee Ehlenbeck filed a proof of claim in the amount of one hundred fifty thousand dollars. The Bankruptcy Court heard the matter as an adversary proceeding and found the actual damages to be in the amount of fifty-five thousand dollars. The Bankruptcy Judge then doubled the damages pursuant to N.C. G.S. § 84–13, which provides "if any attorney commits any fraudulent practice, he shall be liable in an action to the party injured, and on the verdict passing against

him, judgment shall be given for the plaintiff to recover double damages." The Bankruptcy Judge then concluded that the entire amount was nondischargeable under Section 523 of the Bankruptcy Code, Subsection (a)(4) of which states that claims are nondischargeable which are "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

Bankrupt-Defendant appeals, assigning as error both the doubling of the damages and the conclusion of nondischargeability as to the second fifty-five thousand.

Finding no merit in either of these assignments, this Court affirms the Order of the Bankruptcy Judge.

## I.

▮▮ As to the question of doubling, the language of § 84–13 quoted above in its entirety seems quite plain. Bankrupt's only argument is that the term "fraudulent practices" does not include embezzlement. This Court agrees with the Bankruptcy Judge and disagrees with the Appellant for the following reasons: Bankrupt's argument assumes that the term "fraudulent practices" is coextensive with classical fraud. Bankrupt's argument, therefore, depends on a conclusion that the elements of fraud in a classical sense are not present.[1] However, North Carolina law is applicable to this question[2] and declares

> the known and definite fiduciary relations by which one person is put in power of another, are sufficient, under our present judiciary system, to raise a *presumption of fraud as a matter of law,* to be laid down by the Judge as decisive

of the issue unless rebutted. "The relation of 'attorney and client in respect to the matter wherever the relationship exists,' is specially mentioned as embraced in the proposition." (Emphasis in the original.)

*Egerton v. Logan,* 81 N.C. 127, 132, 135 (1889) (Emphasis in original). Therefore, when an attorney mishandles client funds, there is a presumption of fraud as a matter of law. N.C.G.S. § 84–13 applies. There is no error in the doubling of damages ordered by the Bankruptcy Judge.

## II.

The only remaining question is whether or not the second fifty-five thousand dollars is dischargeable. As to the first fifty-five thousand, Title 11 United States Code, Section 523, plainly applies. (See language quoted above). Bankrupt's argument is that this is not a "claim ... for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;" but rather is a penalty or forfeiture. Bankrupt then argues that the applicable provision of Section 523 is Subsection (a)(7) which renders a claim nondischargeable "to the extent such debt is for a fine, penalty or forfeiture, payable *to and for the benefit of a governmental unit ...*" (Emphasis supplied). The argument then follows that this "penalty" is not payable to a governmental unit and is, therefore, not included within the nondischargeable claims. Bankrupt attempts to shore up this argument by pointing to the Order of Preference provisions of the Bankruptcy Code found in Section 726 which control the distribution of property of the estate and provides a

---

**1.** Several North Carolina cases have set out the essential elements of fraud, including *Cofield v. Griffin,* 238 N.C. 377, 78 S.E.2d 131 (1953). That case stated

> The essential elements of a fraud are these: (1) that defendant made a misrepresentation relating to some material past or existing fact; (2) that the representation was false; (3) that when he made it, defendant knew that the representation was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that defendant made

the representation with intention that it should be acted upon by plaintiff; (5) that plaintiff reasonably relied upon the representation and acted upon it; and (6) that plaintiff thereby suffered injury. (*Citing Parker v. White,* 235 N.C. 680, 71 S.E.2d 122 and other cases).

**2.** *See e.g., National Homes Corp. v. Lester,* 336 F.Supp. 644 (W.D.Va.1972) and *United States v. Snepp,* 595 F.2d 926, 936 n. 12 (4th Cir.1979).

category for "fines, penalties, forfeitures, or for multiple, exemplary, or punitive damages to the extent that such claims are not compensation for actual pecuniary loss suffered by the holder of such claim." 11 U.S.C. § 726(a)(4).

The argument follows from there that Congress intended to treat punitive damages and penalties differently than compensatory damages, and therefore, that the "doubled" or "punitive" portion does not partake of the nondischargeable nature of the underlying compensatory award. This argument fails on both its premises.

■ Section 523(a)(4) and (6) control here, rather than (7). No claim is made for nondischargeability under (7), nor was any found by the Bankruptcy Court. Section 523(a)(4) and (6) provide in pertinent part "a discharge ... does not discharge an individual debtor from any *debt* ... (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny ... (6) for willful or malicious injury by the debtor to another entity." (Emphasis added). Therefore, the first question raised by appellant's argument is: Should double damages be treated as part of the nondischargeable "debt" under 523(a)(4) and (6)? In the opinion of this Court, the answer is yes. Section 101(11) of the Bankruptcy Code defines "debt" as a "liability on a claim." Section 101(4) defines "claim" as a "right to payment whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."

The statutory definition of "claim" is a departure from the law prior to the 1978 Bankruptcy Act. The notes of the Committee on the Judiciary, Senate Report No. 95–989, state:

By this broadest possible definition and by the issues of the term throughout Title 11, especially in Subchapter 1 of Chapter 5, the Bill contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case.

It would appear to the Court that the plain intent of Congress is to make the word "claim" as broadly defined as possible, to make the word "debt" inclusive of the word "claim" and, therefore, to support an interpretation of "debt" that is inclusive, rather than exclusive. Surely under the facts of this case, the word "debt" includes the obligation in question.

Alternatively, one can legitimately ask whether the doubled portion of the damages really constitute penalty or punitive elements at all. North Carolina courts have not specifically ruled on North Carolina General Statute Section 84–13 in regard to damages classification. Certainly it is possible that the legislative intent is that the recovery of compensatory damages only does not adequately compensate those who have been cheated by their attorney. In regard to another form of multiple damages, the Court of Appeals of North Carolina, in *Holly v. Coggin Pontiac*, 43 N.C.App. 229, 259 S.E.2d 1 (1979) discussed the trebled damages provision of N.C.G.S. § 75–16 (North Carolina's Unfair Trade Statute). That Court held that the trebled damages do not constitute a penalty, noting that the prevailing rule in North Carolina is that a "penalty" must be for a sum certain and expressly denominated as such.

Assuming, but leaving for further resolution by the Bankruptcy Court, should priority become an issue, that the doubled portion does constitute a penalty, that assumption does not compel a conclusion that it is dischargeable. The separate classification of penalties and punitive damages in the priority categorizations of Section 726 simply does not support an assumption that they differ from compensatories in regard to dischargeability. Reference to Bankrupt's own argument on the question of dischargeability reminds one that penalties are nondischargeable when paid to governmental entities. In Section 726, other punitives and penalties being lumped together with that concededly nondischargeable ele-

ment of obligation certainly cannot change their status to the extent of destroying any possibility of nondischargeability. Furthermore, differentiating between the two types of damages in the 523(a)(4) categories at the stage of prioritization could well reflect a legislative intent that these particular damages do not need a high priority since they are nondischargeable. Therefore, Bankrupt's argument cuts as much against him as in his favor. In short, it is the conclusion of this Court that the Bankruptcy Court properly doubled damages and properly ruled the entire one hundred ten thousand dollars nondischargeable.

Because of the above decision, the questions raised in the cross-appeal of Plaintiff Ehlenbeck are not presented for resolution. The decision of the Bankruptcy Court is AFFIRMED.