WILLIAMS v. WILLIAMS

[113 N.C. App. 226 (1994)]

---

LIB WANDA WILLIAMS v. DONALD LEON WILLIAMS

No. 9318SC790

(Filed 4 January 1994)

1. **Process and Service § 30 (NCI4th)— service of process— definition of neglect**

Neglect, as used in N.C.G.S. § 1A-1, Rule 4(h), means more than a mere failure to serve papers, and a clerk is not required or authorized to appoint a private process server as long as the sheriff is not careless in executing process.

**Am Jur 2d, Process §§ 105 et seq., 317 et seq.**

2. **Process and Service § 30 (NCI4th)— service of process by sheriff's deputies—action of average private process server not required—no neglect**

Neglect should not be found where a sheriff does not take all the action to serve the papers that an average private process server would take based on the information in the summons. In this case, the sheriff did not neglect to serve process, as required by N.C.G.S. § 1A-1, Rule 4, where the sheriff, through his deputies, attempted to serve process on two occasions at the address provided by plaintiff; deputies were told by defendant's grandmother, who lived at the address, that defendant did not live there and she did not know his whereabouts; and further information was not provided by the grandmother or by plaintiff which would require more diligence than that exhibited by the deputies.

**Am Jur 2d, Process §§ 105 et seq., 317 et seq.**

Judge WYNN dissenting.

## WILLIAMS v. WILLIAMS

[113 N.C. App. 226 (1994)]

Upon writ of certiorari from order entered 2 July 1993 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 28 December 1993.

On 29 March 1993, plaintiff filed a complaint in Guilford County District Court seeking child support from defendant. On 30 March 1993, the complaint and a summons were delivered to the Guilford County Sheriff's Department and returned unserved on 5 April 1993.

On 24 May 1993, plaintiff filed an "Affidavit and Order on Appointment of Process Server" requesting that the Clerk of Superior Court appoint a private process server pursuant to N.C. Gen. Stat. § 1A-1, Rule 4(h) (1990). The Clerk entered an order denying plaintiff's request. Pursuant to N.C. Gen. Stat. § 1-272 (1983), plaintiff appealed the Clerk's order to the Superior Court.

Following a hearing, the trial court made several findings of fact. It found that plaintiff's counsel had met with both Sheriff Burch and the Sheriff's attorney, Susan Lewis, in July 1992 to discuss a grant proposal that would pay for private process servers in child support actions involving parents who are difficult to locate. At the meeting, they discussed the fact that a finding of neglect on the part of the Sheriff, where no such finding is justified, would be required under Rule 4(h) before a substitute process server could be appointed. Plaintiff's counsel did not agree with this analysis. Both Sheriff Burch and Mrs. Lewis stated that the Sheriff would not agree to be found to have neglected any duties simply to enable plaintiff's counsel to implement the grant.

The trial court also found that the Sheriff tried twice, through his deputy, to serve the defendant in this action at the address provided by the plaintiff but was unable to do so. The address provided by the plaintiff was that of the defendant's grandmother. Defendant's grandmother told the Sheriff that the defendant did not live there and that his whereabouts were unknown. After the summons was returned unserved, plaintiff filed an affidavit stating that she believed the defendant did live at that address because her eleven year old daughter had spoken with him on the telephone there.

Finally, the trial court found that the Sheriff had neither refused nor neglected to attempt service of process and, in fact, made a diligent effort to serve process on the defendant. The trial court also stated that any failure to serve the defendant resulted

WILLIAMS v. WILLIAMS

[113 N.C. App. 226 (1994)]

from insufficient information given by the plaintiff concerning defendant's whereabouts. The trial court then concluded that the Sheriff of Guilford County had not neglected or refused to execute process and that the Clerk of Superior Court was not required to appoint a private process server pursuant to Rule 4(h). From this order, the plaintiff appeals.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for plaintiff appellant.*

*No brief for defendant appellee.*

ARNOLD, Chief Judge.

[1]  At the outset, we note that this appeal would normally be dismissed as interlocutory. *See Updike v. Day*, 71 N.C. App. 636, 322 S.E.2d 622 (1984). Due to the importance of this issue, however, we have granted certiorari. In her first assignment of error, the plaintiff contends the trial court erred in determining that neglect, as used in Rule 4(h), means more than a mere failure to serve papers. The plaintiff argues that neglect can be found even where no sheriff misconduct is present. We disagree.

G.S. 1A-1, Rule 4(h) provides as follows:

> *Summons — When proper officer not available.* — If at any time there is not in a county a proper officer, capable of executing process, to whom summons or other process can be delivered for service, or if a proper officer refuses or neglects to execute such process, or if such officer is a party to or otherwise interested in the action or proceeding, the clerk of the issuing court, upon the facts being verified before him by written affidavit of the plaintiff or his agent or attorney, shall appoint some suitable person who, after he accepts such process for service, shall execute such process in the same manner, with like effect, and subject to the same liabilities, as if such person were a proper officer regularly serving process in that county.

Neglect, as used in Rule 4(h), has no clear meaning and the word neglect has been defined in various ways. Neglect "[m]ay mean to omit, fail or forbear to do a thing that can be done, or that is required to be done, but it may also import an absence of care or attention in the doing or omission of a given act. And it may mean a designed refusal or unwillingness to perform one's duty."

WILLIAMS v. WILLIAMS

[113 N.C. App. 226 (1994)]

Black's Law Dictionary 930 (5th ed. 1979). Neglect has also been defined as "to give little or no attention or respect to . . . to fail to attend to sufficiently or properly . . . to carelessly omit doing (something that should be done) either altogether or almost altogether . . . leave undone or unattended to through carelessness or by intention." Webster's Third New International Dictionary of the English Language 1513 (1966). Thus, neglect may mean (1) to fail to do a thing that can be done, (2) to leave undone through carelessness, or (3) to leave undone by intention.

Plaintiff contends that cases interpreting North Carolina's amercement statutes should guide this Court in defining neglect as used in Rule 4(h). Amercement is "[a] money penalty in the nature of a fine imposed upon an officer for some misconduct or neglect of duty." Black's Law Dictionary 75 (5th ed. 1979). Statutes *in pari materia*, or upon the same matter or subject, "must be read in context with each other." *Cedar Creek Enter., Inc. v. Dep't of Motor Vehicles*, 290 N.C. 450, 454, 226 S.E.2d 336, 338 (1976). Our amercement statute, prior to its amendment in 1989, provided as follows:

> If any sheriff, constable or other officer . . . refuse or neglect to return any precept, notice or process . . . which it is his duty to execute, or make a false return thereon, he shall forfeit and pay to anyone who will sue for the same one hundred dollars ($100.00), and shall moreover be guilty of a misdemeanor.

N.C. Gen. Stat. § 14-242 (1986). This statute was later amended and "refuse or neglect" was replaced with "willfully refuses." N.C. Gen. Stat. § 14-242 (Cum. Supp. 1992).

We agree with the plaintiff that the two statutes are *in pari materia*. We disagree, however, with plaintiff's contention that neglect, as used in the amercement statute, means mere failure to do what is required. Instead, we believe neglect in that context means to leave undone through carelessness. In *Swain v. Phelps*, the court stated that amercement was "given for the neglect to serve process *when no sufficient cause is shown." Swain v. Phelps*, 125 N.C. 43, 44, 34 S.E. 110, 111 (1899) (emphasis added). This indicates something more than mere failure to act is needed. Applying the definition of neglect used in the amercement statutes to Rule 4(h), we hold that a Clerk is not required or authorized to appoint a private process server as long as the sheriff is not careless

in executing process. Had the legislature intended a more lax standard for the appointment of private process servers, it would not have used the terms "refuse or neglect." Also, our Rule 4(h) represents a departure from the federal rules of civil procedure, which have become increasingly flexible regarding service. This provides further indication that our legislature intended something more than mere failure to serve process when it used the words "refuse or neglect" in Rule 4(h).

[2] In her second assignment of error, plaintiff contends that even if neglect means something other than mere failure to serve process it should be found where a sheriff does not "take all the action to serve the papers that an average private process server would take based on the information in the summons." We disagree.

In serving process, a sheriff must conduct a "due search" for the person to be served. *Tomlinson v. Long*, 53 N.C. (8 Jones) 469 (1862). Where the person to be served has an established residence well known to the sheriff and has been available for service, failure to serve process amounts to negligence. *Id.; see also Rollins v. Gibson*, 293 N.C. 73, 235 S.E.2d 159 (1977). This is so even if the sheriff is given misinformation as to the person's whereabouts, *Tomlinson*, 53 N.C. 469, has an understaffed office, or carries the process to the person's residence as many as three times. *See Rollins*, 293 N.C. 73, 235 S.E.2d 159. Furthermore, the sheriff is negligent even if the person to be served is absent from his residence during daytime, working hours. *Id.* The sheriff is not negligent in his failure to serve process when he is not informed by the plaintiff where the person to be served can be found and when he makes a diligent search to locate the person but is unable to do so. *See Brogden Produce Co. v. Stanley*, 267 N.C. 608, 148 S.E.2d 689 (1966).

From an examination of the cases interpreting the amercement statutes, it is clear that when negligence is alleged on the part of the sheriff, facts must be closely examined to determine whether under the circumstances the sheriff conducted a "due search." If, under the circumstances, the sheriff should have done more in order to find the defendant, then the Clerk must find under Rule 4(h) that the sheriff neglected to serve process and then appoint a suitable person to serve that process.

In this case, the sheriff, through his deputies, attempted to serve process on two occasions at the address provided by the

**WILLIAMS v. WILLIAMS**

[113 N.C. App. 226 (1994)]

plaintiff. The deputies were told by the defendant's grandmother, who lived at that address, that the defendant did not live there and that she did not know his whereabouts. If the sheriff had been given more information concerning the location of the defendant, the basis upon which the plaintiff believed he was located at the address provided, or the time at which the defendant normally came and went, a "due search" would have required more diligence than that exhibited by the deputies. These things were not given, however, and plaintiff did little to assist the sheriff in locating the defendant. We hold that the sheriff did not neglect to serve process, as required by Rule 4(h).

Surely we have great sympathy for the plight of mothers who face difficulties in getting support from former husbands. We also realize that no sheriff wants to be found negligent when he has not been. This opinion may be of some guidance for clerks who may wish to allow for private process servers more often, but perhaps this entire matter should be examined by our General Assembly to make it easier to use private process servers in the future.

Affirmed.

Judge MARTIN concurs.

Judge WYNN dissents.

Judge WYNN dissenting.

I respectfully dissent from the majority's conclusion that the sheriff in this case did not neglect to serve process as required by N.C. Gen. Stat. § 1A-1, Rule 4(h). In view of the legislature's command in N.C. Gen. Stat. § 50-13.4(b) that the "father and mother shall be primarily liable for the support of a minor child," I conclude that the General Assembly did not intend Rule 4(h) to be a bar to mothers who are attempting to serve fathers who fail to pay child support.

I agree with the majority that the correct definition for "neglect" as it is used in Rule 4(h) is "to fail to do a thing that can be done." This definition is consistent with the other appearances of "neglect" in the Rules of Civil Procedure. *See* Rule 6(b) (A party is entitled to an extended time period when "the failure to act

was the result of excusable *neglect.*"); Rule 13(f) ("When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable *neglect*, or when justice requires, he may by leave of court set up the counterclaim by amendment."); Rule 60(b)(1) (A party may obtain relief from a final judgment for "[m]istake, inadvertence, surprise, or excusable *neglect.*") (Emphasis added). This definition is also in harmony with the use of "neglect" in other statutes. *See e.g.* N.C. Gen. Stat. §§ 14-69, 14-230, and 14-231.

By meaning "to fail to do a thing that can be done," "neglect" is not the same as "negligence." "Negligence" has been defined as "conduct 'which falls below the standard established by law for the protection of others against unreasonable risk of harm.'" W. Page Keeton, ed., *Prosser and Keeton on The Law of Torts*, 5th ed. § 31 (1984) (quoting Second Restatement of Torts § 282). Therefore, the sheriff can neglect to serve process and not be negligent. By neglecting to serve process, the sheriff has simply failed to serve process on a person that can be served. It is undisputed that the defendant in this case lives in Guilford County. Thus, by attempting to serve process on a Guilford County resident and failing to do so, the sheriff has neglected to execute such process under Rule 4(h) and the Clerk should have appointed a private process server.

The majority's holding, therefore, that a clerk is not authorized to appoint a private process server "as long as the sheriff is not careless in executing process" is contrary to what the General Assembly intended by Rule 4(h). The majority notes that our Rule 4(h) is a departure from the federal rules of civil procedure which are more liberal with regard to service. The majority then concludes that based upon this departure, our legislature meant something more than mere failure to serve process when it used the words "refuse or neglect" in Rule 4(h). I agree. The legislature *did* mean *something more* than just mere failure by using the word "neglect;" it meant the failure to do something which could be done. Since the sheriff did not dispute the fact that the defendant could be served, his failure to serve the defendant constitutes "neglect" as it is used in Rule 4(h).

My conclusion that a mother seeking child support from a delinquent father should be allowed to hire a private process server is bolstered by the strong public policy in North Carolina that parents must support their minor children. *See Pace v. Pace*, 244

## WILLIAMS v. WILLIAMS

[113 N.C. App. 226 (1994)]

N.C. 698, 94 S.E.2d 819 (1956) (It is the "public policy of this State that a father shall provide necessary support for his minor children, a 'duty he may not shirk, contract away, or transfer to another.'" *Pace*, 244 N.C. at 699, 93 S.E.2d at 821 (quoting *Ritchie v. White*, 225 N.C. 450, 452-53, 35 S.E.2d 414, 415 (1945)). *See also Alamance County Hospital, Inc. v. Price Neighbors*, 315 N.C. 362, 338 S.E.2d 87 (1986); *State v. Walden*, 306 N.C. 466, 293 S.E.2d 780 (1982); *State v. Robinson*, 245 N.C. 10, 95 S.E.2d 126 (1956); *Nisbet v. Nisbet*, 102 N.C. App. 232, 402 S.E.2d 151, *disc. rev. denied*, 329 N.C. 499, 407 S.E.2d 538 (1991); *In re Botsford*, 75 N.C. App. 72, 330 S.E.2d 23 (1985); *In re Biggers*, 50 N.C. App. 332, 274 S.E.2d 236 (1981). In spite of this policy, which is shared by all the states, noncustodial fathers fail to pay $4 billion in child support each year and more than half of the mothers who are due child support receive nothing. B. Renee Sanderlin, Alamance County Hospital v. Neighbors: *North Carolina Rejects Child Support Provisions as a Limit on the Doctrine of Necessaries*, 65 N.C. L. Rev. 1308, n.75 (1987). *See also* Lorraine A. Schmall, *Women and Children First, But Only if the Men are Union Members: Hiring Halls and Delinquent Child-Supporters*, 6 Notre Dame J.L. Ethics & Pub. Pol'y 449 (1992).

By concluding "neglect" means "to fail to do a thing that can be done," I avoid holding a sheriff negligent when he is not and I permit a mother to hire a private process server in order to obtain the child support her child is owed. My definition of "neglect" reassures a sheriff that he has done his duty. No sheriff in our state has the available resources to locate all delinquent fathers who do not want to be found. A private process server with his more flexible resources, could greatly aid our sheriffs. A mother seeking support for her children should be allowed to use these alternative resources to locate "deadbeat fathers." In my view, Rule 4(h) permits the mother in this case to hire a private process server. I respectfully dissent.