ESTATE OF MAMIE BEATRICE WELLS, DECEASED, BY AND THROUGH HER ADMINISTRATOR DBNCTA E. K. MORLEY, AND CHARLES EDWARD WELLS, PLAINTIFFS V. JAMES H. TOMS, DEFENDANT

No. COA97-730

(Filed 5 May 1998)

1. **Attorneys at Law § 51 (NCI4th)— attorney fraud—acceptance of offer of judgment—doubling of damages statute inapplicable**

The statute providing for the doubling of a judgment entered "on the verdict passing against" an attorney guilty of fraudulent

---

practice, N.C.G.S. § 84-13, only applies following a factual determination at trial of fraudulent practice by an attorney. Therefore, the statute did not apply in an action for breach of fiduciary duty where plaintiffs accepted defendant attorney's offer of judgment tendered pursuant to N.C.G.S. § 1A-1, Rule 68(a).

**2. Judgments § 115 (NCI4th)— offer of judgment—inclusion of costs—lump sum offer not required**

Defendant's offer of judgment "for the sum of $48,500.00 together with the costs accrued at the time this offer is filed" met the requirements of Rule 68. The offer was not required to be a "lump sum" offer in order to meet the statutory requirements.

Appeal by plaintiffs from order entered 7 May 1997 by Judge Raymond A. Warren in Henderson County Superior Court. Heard in the Court of Appeals 4 December 1997.

*Law Offices of E. K. Morley, by E. K. Morley, for plaintiffs-appellants.*

*Stepp, Groce & Associates, by Edwin R. Groce, for defendant-appellee.*

JOHN, Judge.

Plaintiffs appeal the trial court's judgment, raising several assignments of error. We affirm.

Pertinent facts and procedural history include the following: Defendant served for several years as attorney for decedent Mamie Beatrice Wells (Wells) and her sister Louise McCall Perry (Perry). On 24 October 1994, Wells and Perry each signed extensive and broad powers of attorney drafted by defendant and naming him attorney in fact. Defendant admittedly used these documents to take virtual control and administration of the entire personal estate of both Wells and Perry.

Plaintiffs filed the instant complaint 11 September 1995, alleging, *inter alia,* that defendant breached his fiduciary duty by using the power of attorney to convert to his own use a substantial portion of the assets of Wells. Plaintiffs sought, *inter alia,* actual damages in the amount of $48,500.00 plus interest at the legal rate from 21 November 1986, double damages pursuant to N.C.G.S. § 84-13 (1995), costs and reasonable counsel fees.

Plaintiffs' brief sets forth the following uncontested facts: On or about 19 March 1997, defendant pleaded guilty in Henderson County Superior Court to 18 counts of embezzlement, thereby admitting embezzlement of approximately $1,400,000.00 from Henderson County probate, trust and guardianship estates, including $85,000.00 from Perry's estate. Defendant also pleaded guilty on 8 April 1997 in federal court to five counts of tax fraud, mail fraud and bankruptcy fraud, based upon a scheme and artifice to withdraw over $2,000,000.00 from various accounts, one in the name of "Mamie P. Wells, James H. Toms, Attorney-In Fact."

On 23 April 1997, defendant submitted to Wells an offer of judgment "pursuant to Rule 68 of the North Carolina Rules of Civil Procedure" in the amount of $48,500.00, "together with costs accrued at the time this offer is filed." Plaintiffs unconditionally accepted the offer 25 April 1997, and on the same day moved the court for an order of final judgment doubling the settlement amount. On 7 May 1997, the trial court denied plaintiffs' motion and ordered defendant to pay the settlement amount of $48,500.00, plus costs of $914.33 and interest from 11 September 1995, the date of filing of plaintiffs' complaint. From this order, plaintiffs appeal.

**[1]** Plaintiffs' motion to double the settlement amount was proffered pursuant to G.S. § 84-13, which states:

> If any attorney commits any fraudulent practice, he shall be liable in an action to the party injured, and on the *verdict* passing against him, judgment shall be given for the plaintiff to recover double damages.

(emphasis added). In its order the trial court concluded:

> 3. It is not the intent of the legislature under North Carolina General Statute 84-13 to double the amount of the offer of judgment and acceptance of the same pursuant to Rule 68 of the North Carolina Rules of Civil Procedure.

Plaintiffs maintain the trial court misinterpreted the legislative intent supporting G.S. § 84-13. We do not agree.

Statutory interpretation presents a question of law, and "the cardinal principle of statutory interpretation is to ensure that legislative intent is accomplished." *McLeod v. Nationwide Mut. Ins. Co.*, 115 N.C. App. 283, 288, 444 S.E.2d 487, 490, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 528 (1994). To determine legislative intent, we first

look to the language of the statute. *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995).

G.S. § 84-13 provides for doubling of a judgment entered "on the *verdict* passing against" (emphasis added) an attorney guilty of fraudulent practice. The word "verdict" is not defined in G.S. § 84-13, but because it is unambiguous we accord it its plain meaning. *See Poole*, 342 N.C. at 352, 464 S.E.2d at 411. "Verdict" is defined, *inter alia*, as "[t]he formal decision or finding made by a jury . . . upon the matters or questions duly submitted to them upon the trial." Black's Law Dictionary 1559 (6th ed. 1990). The plain and unambiguous language of G.S. § 84-13 thus indicates the General Assembly intended the statute to apply only upon entry of a jury verdict. However, the statute has also been applied following a bench trial. *See In re Patton*, 58 B.R. 149 (W.D.N.C. 1986). Accordingly, we determine the legislative intent to be that G.S. § 84-13 apply following a *factual determination* at trial of fraudulent practice by an attorney.

In the matter *sub judice* there was no trial resulting in a "formal decision or finding," Black's Law Dictionary 1559 (6th ed. 1990), by a jury or judge, nor even a court judgment reciting defendant's fraudulent practice. Rather, plaintiffs simply accepted defendant's offer of judgment, tendered pursuant to N.C.G.S. § 1A-1, Rule 68(a) (1990) (Rule 68(a)), which provides in pertinent part as follows:

> At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued.

It is the purpose of Rule 68 to encourage settlements and avoid protracted litigation, *Scallon v. Hooper*, 58 N.C. App. 551, 554, 293 S.E.2d 843, 844, *disc. review denied*, 306 N.C. 744, 295 S.E.2d 480 (1982), and acceptance of a Rule 68(a) offer "for a specified sum that includes costs . . . precludes any further recovery or award beyond the amount stated in the offer." G. Gray Wilson, *North Carolina Civil Procedure* § 68-2, at 471 (2d ed. 1995).

Further, under the circumstances *sub judice* where no actual damages were actually assessed but rather a settlement elected, it does not appear that the settlement amount should be doubled. *Cf. Winant v. Bostic*, 5 F.3d 767, 776 (4th Cir. 1993) (in unfair and deceptive trade practices action where plaintiff elected recission and dam-

ages were not assessed, purchase price amount returned to plaintiffs not subject to being trebled under N.C.G.S. § 75-16). Accordingly, plaintiffs' acceptance of defendant's Rule 68(a) offer of judgment precluded recovery beyond the amount ordered, and the trial court correctly declined to double the settlement amount.

**[2]** Plaintiffs also contend the trial court should have applied G.S. § 84-13 to double the settlement amount because defendant's offer of judgment was "not a lump sum offer" and was therefore ambiguous as to whether costs were included. Plaintiffs are mistaken.

Defendant's offer of judgment

offers [pursuant to Rule 68(a)] to allow judgment be taken against him . . . for the sum of $48,500.00 together with costs accrued at the time this offer is filed.

A critical feature of a Rule 68(a) offer of judgment is that it include a tender of accrued costs. *Aikens v. Ludlum*, 113 N.C. App. 823, 825, 440 S.E.2d 319, 320 (1994). Costs are defined as "[a] pecuniary allowance . . . for . . . expenses in prosecuting or defending an action." Black's Law Dictionary 346 (6th ed. 1990). To comply with the Rule, an offer of judgment may

1) . . . specify the amount of the judgment and the amount of costs, 2) . . . specify the amount of the judgment and leave the amount of costs open to be determined by the court, or 3) . . . make a lump sum offer which expressly includes both the amount of the judgment and the amount of costs.

*Aikens*, 113 N.C. App. at 825, 440 S.E.2d at 321.

The salient issue, however, is whether the offer, as did that of defendant herein, *"allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued," Marek v. Chesny*, 473 U.S. 1, 6, 87 L. Ed. 2d 1, 7 (1985); *Aikens*, 113 N.C. App. at 825, 440 S.E.2d at 321, if so, it meets the requirements of Rule 68. Accordingly, the offer need not be a "lump sum" offer in order to ensure finality of judgment as to both damages and costs. *See id.*

Further, when an offer of judgment is ambiguous as to whether costs are included, it is within the trial court's discretion to ascertain the appropriate amount of costs. *Marek*, 473 U.S. at 6, 1 L. Ed. 2d at 7; *see also Aikens*, 113 N.C. App. at 826-27, 440 S.E.2d at 322. While plaintiffs insist defendant's offer was ambiguous, they fail to offer

any argument or evidence, nor do we perceive any, that the trial court abused its discretion in assessing $914.33 in costs.

Affirmed.

Judges MARTIN, John C., and SMITH concur.