STATE OF NORTH CAROLINA v. LARRY JAMES ATKINS

No. COA07-1134

(Filed 7 October 2008)

**1. Appeal and Error— preservation of issues—failure to argue in brief**

Although defendant contends the trial court erred in a double second-degree rape and first-degree burglary case by denying his motion to set aside the verdict as against the greater weight of the evidence, this argument was abandoned under N.C. R. App. P. 28(b)(6) based on defendant's failure to substantiate this argument in his brief.

**2. Rape— second-degree—physically helpless victim—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the two counts of second-degree rape even though defendant contends there was insufficient evidence that the victim was physically helpless as defined under N.C.G.S. § 14-27.3(a)(2) because: (1) N.C.G.S. § 14-27.3(a)(2) defines physically helpless as a victim who is unconscious, or a victim who is physically unable to resist an act of vaginal intercourse or a sexual act or communicate unwillingness to submit to an act of vaginal intercourse or a sexual act; (2) at the time of the rape, the victim was eighty-three years of age and suffered from severe arthritis, she normally walked with the assistance of a walker, she needed assistance with everyday household chores and daily errands, and it as impossible for the victim to travel down the front steps of her house without assistance; and (3) given the victim's age, frailty, and physical limitations, there was evidence from which the jury could reasonably conclude that she fell within the class of physically helpless victims entitled to protection under the statute.

**3. Burglary— first-degree—breaking—intent to commit felony at the time of breaking and entering—sufficiency of evidence**

The State presented sufficient evidence of a breaking and felonious intent to support defendant's conviction of first-degree burglary because: (1) there was sufficient evidence of a breaking when the victim testified that defendant opened and entered through her window without permission; and (2) there was substantial evidence for a reasonable mind to infer that defendant intended to rape the victim at the time of the breaking and entering given the State's evidence that defendant, in fact, raped the victim after entering her home through her bedroom window.

Appeal by defendant from judgment entered 26 February 2007 by Judge Jack W. Jenkins in Wayne County Superior Court. Heard in the Court of Appeals 6 March 2008.

*Attorney General Roy Cooper, by Assistant Attorney General Olga Vysotskaya, for the State.*

*Cheshire, Parker, Schneider, Bryan & Vitale, by John Keating Wiles, for defendant appellant.*

McCULLOUGH, Judge.

Defendant Larry James Atkins ("defendant") was tried before a jury at the 26 February 2007 Criminal Session of Wayne County Superior Court after being charged with two counts of second-degree rape and one count of first-degree burglary.

The relevant evidence tended to show the following: eighty-three-year-old, Vera P. Brown ("Brown") lived alone at 1106 Atlantic Avenue, Goldsboro, North Carolina. Brown suffered from severe arthritis, could not cook or care for herself, was incontinent, and had trouble getting down her front steps without the use of a walker, wheelchair, or helper. Brown's cousin, Lillie Heath ("Heath"), took care of her on a daily basis, stopping by twice a day for over two and one-half years. Heath would drive Brown around town to pay her bills and buy her weekly groceries. Brown also relied on a hired caregiver who took care of her cleaning and cooking needs five days a week. Brown's neighbors recognized her frail condition and kept a watchful eye on her safety.

Defendant, who was fifty-one years old, lived illegally in a vacant house across the railroad tracks from Brown. He performed some minor yard work and ran errands for her a couple of times. Defendant conversed on several occasions with Brown as she read her newspaper on her front porch.

On some date prior to 2 August 2006, Brown found defendant in her home when he had not been invited. When Brown asked why he was in her home, defendant replied, "I came to check on you."

On 2 August 2006, sometime around 10:00 p.m., Brown went to the kitchen to get a snack. When she returned to her bedroom, she found that defendant had opened her window and climbed into her bedroom. Brown questioned defendant's uninvited presence. Defendant then threw Brown onto her bed. Defendant raised Brown's nightgown and began to have vaginal intercourse with her. Brown hollered, screamed, and begged for him to stop. Her pleas went unanswered. Defendant engaged in vaginal intercourse with her twice that night.

After defendant left, Brown laid in bed until her cousin, Heath, arrived for a scheduled visit between 8:30 a.m. and 10:00 a.m. the following morning. Heath testified that there was blood in Brown's bed.

At the close of the State's evidence, defendant moved to dismiss all charges for insufficient evidence. This motion was denied. Defendant did not offer any evidence. Instead, he rested on his motion to dismiss for insufficient evidence. The motion to dismiss was renewed again at the close of the evidence. The trial court denied that motion. Defendant was found guilty of all charges. Defendant then moved to have the verdict set aside as against the greater weight of the evidence. This motion was denied.

Defendant was sentenced to 168 to 211 months' imprisonment for each of the two rape convictions and 146 to 185 months' imprisonment for the first-degree burglary conviction. Defendant now appeals to this Court.

## I.

**[1]** Defendant first contends that the trial court erred when it denied his motion to set aside the verdict as against the greater weight of the evidence. Because defendant did not substantiate this argument in his brief, we deem this assignment of error abandoned, pursuant to N.C. R. App. P. 28(b)(6) (2008).

## II.

**[2]** Defendant next contends that the trial court erred in denying his motion to dismiss the two counts of second-degree rape because the State failed to produce sufficient evidence that Brown was "physically helpless," as that term is used within N.C. Gen. Stat. § 14-27.3(a)(2) (2007). Therefore, the evidence was insufficient to establish a necessary element of the theory of second-degree rape with which defendant was charged. We disagree.

The standard of review for a motion to dismiss for insufficient evidence is whether there is substantial evidence of each element of the offense charged and that the defendant is the perpetrator of such offense. *State v. Powell*, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support the conclusion. *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). The reviewing court must view the evidence in the light most favorable to the State, giving the State every reasonable inference arising from the evidence. *Powell*, 299 N.C. at 98, 261 S.E.2d at 117.

### A. N.C. Gen. Stat. § 14-27.3(a)

We begin the analysis with an overview of the statutory scheme. "At common law rape occurred when there was sexual intercourse

by force and without the victim's consent. Rape also occurred when there was sexual intercourse with a victim who was asleep or otherwise incapable of providing resistance or consent." *State v. Moorman*, 320 N.C. 387, 391, 358 S.E.2d 502, 505 (1987) (citations omitted). Our rape statutes essentially codify the common law of rape. *Id.*; N.C. Gen. Stat. § 14-27.2, *et seq.* N.C. Gen. Stat. § 14-27.3(a) provides:

> A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:
>
> (1) By force and against the will of the other person; **or**
>
> (2) Who is mentally disabled, mentally incapacitated, or **physically helpless**, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless.

N.C. Gen. Stat. § 14-27.3(a) (emphasis added).

Thus, N.C. Gen. Stat. § 14-27.3(a) delineates two distinct theories under which a defendant can be prosecuted for second-degree rape. The first theory, codified by N.C. Gen. Stat. § 14-27.3(a)(1), is applicable where the sexual intercourse is effectuated by force and against the victim's will; whereas, the second theory, codified by N.C. Gen. Stat. 14-27.3(a)(2), is applicable when the victim falls within a special class of victims, who are deemed by law incapable of resisting or withholding consent; thus, force and the absence of consent need not be proved by the State, as they are implied in law. *Moorman*, 320 N.C. at 390, 358 S.E.2d at 505; *see also Bill Books File*, H.B. 800 (1979) May 22, 1979 Senate Debate, p. 3 (Senator Mathis stating, "In second degree rape, we are adding persons who are mentally defective, mentally incapacitated, or physically helpless. This is basically a statutory rape section in cases where someone engages in a sex act with a person who is, in fact, incapable of resisting or communicating resistance.").

### B. Physically Helpless Victims

In the instant case, defendant was indicted on the charge that he "unlawfully, willfully and feloniously did ravish, abuse and carnally know Vera Peeden Brown, who was at the time physically helpless," in violation of N.C. Gen. Stat. § 14-27.3(a)(2).

We must now consider whether the evidence, viewed in the light most favorable to the State, was sufficient to establish that Brown

falls within the class of victims entitled to protection under N.C. Gen. Stat. § 14-27.3(a)(2). "The cardinal principle of statutory interpretation is to ensure that legislative intent is accomplished." *McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 288, 444 S.E.2d 487, 490, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 528 (1994). "To determine legislative intent, we first look to the language of the statute." *Estate of Wells v. Toms*, 129 N.C. App. 413, 415-16, 500 S.E.2d 105, 107 (1998). "Under our canons of statutory interpretation, where the language of a statute is clear, the courts must give the statute its plain meaning." *Armstrong v. N.C. State Bd. of Dental Examiners*, 129 N.C. App. 153, 156, 499 S.E.2d 462, 466, *disc. review denied, appeal dismissed*, 348 N.C. 692, 511 S.E.2d 643 (1998), *cert. denied*, 525 U.S. 1103, 142 L. Ed. 2d 770 (1999).

N.C. Gen. Stat. § 14-27.1(3) defines "physically helpless" as "(i) a victim who is unconscious; or (ii) a victim who is physically *unable to resist* an act of vaginal intercourse or a sexual act *or communicate unwillingness to submit* to an act of vaginal intercourse or a sexual act." N.C. Gen. Stat. § 14-27.1(3) (2007) (emphasis added). The American Heritage Dictionary (2d ed. 1982) defines the word "resist," in part, as meaning, "[t]o strive or work against; oppose actively." Thus, a "physically helpless" victim, as used within N.C. Gen. Stat. § 14-27.3(a)(2), is a victim who is "physically unable to [[t]o strive or work against; oppose actively] an act of vaginal intercourse or a sexual act or communicate unwillingness to submit to an act of vaginal intercourse or a sexual act[.]"

In the case *sub judice*, the State's evidence showed that at the time of the rape, Brown was 83 years of age and suffered from severe arthritis. She normally walked with the assistance of a walker. Without the walker, she had to move slowly and could only take a couple steps without having to stop and rest. She also needed assistance with her everyday household chores and could only transverse steps or do other daily errands with assistance. The record further contains evidence that because of Brown's physical condition, it was impossible for her to travel down the front steps of her house without assistance. Thus, it was impossible for Brown to escape her attacker. Given the evidence of Brown's age, frailty, and physical limitations, there is evidence from which the jury could reasonably conclude that Brown was not able to actively oppose or resist her attacker. As such, there was substantial evidence that Brown falls within the class of "physically helpless" victims entitled to protection

STATE v. ATKINS

[193 N.C. App. 200 (2008)]

under N.C. Gen. Stat. § 14-27.3(a)(2).[1] Accordingly, this assignment of error is overruled.

## III.

[3] Defendant next contends that the trial court erred when it refused to grant his motion to dismiss the first-degree burglary charge for insufficient evidence. We disagree.

In order to convict a defendant of first-degree burglary, the State must prove six elements: (1) the breaking and (2) entering (3) during the nighttime (4) into an occupied (5) dwelling or sleeping apartment (6) with the intent to commit a felony. *State v. Davis*, 282 N.C. 107, 116, 191 S.E.2d 664, 670 (1972). Defendant contends that the State's evidence was insufficient to establish: (a) a breaking and (b) felonious intent.

### A. Breaking

Defendant first contends that the State failed to produce evidence to support the breaking element. The element of "breaking" requires a showing of any act of force, however slight, employed to effect an entrance through any usual or unusual place of ingress, whether open, partly open or closed. *State v. Jolly*, 297 N.C. 121, 127-28, 254 S.E.2d 1, 5-6 (1979). An intruder who opens an unlocked window satisfies the breaking element of first-degree burglary. *State v. McAfee*, 247 N.C. 98, 101, 100 S.E.2d 249, 251 (1957).

Defendant argues that the State produced no evidence that the screen through which defendant allegedly entered was ever removed. Defendant contends that the evidence shows that the screen must have always been there. Therefore, Brown must have let defendant into the house. However, Brown testified that defendant opened and entered through her window without permission. Since the evidence must be viewed in the light most favorable to the State, there is substantial evidence to support the breaking element of first-degree burglary. This assignment of error is overruled.

---

1. We note, however, that not all elderly victims will necessarily fall within the special class of victims who are deemed by law incapable of resisting or withholding consent pursuant to N.C. Gen. Stat. § 14-27.3(a)(2). Where there is evidence that a rape has been effectuated by force and against the will of the victim, the best practice is for the State to prosecute the defendant under the theory codified by N.C. Gen. Stat. § 14-27.3(a)(1).

STATE v. ATKINS

[193 N.C. App. 200 (2008)]

## B. Felonious Intent

Defendant next contends that the State did not produce sufficient evidence that defendant intended to commit a felony at the time of the breaking and entering. Defendant claims that because there was insufficient evidence to show that Brown was physically helpless, the jury could not convict him on the first-degree burglary charge because the State's evidence did not show that he had the intention to rape a physically helpless person. As previously discussed, the State's evidence was sufficient to establish that Brown was physically helpless. Even so, we note that the first-degree burglary indictment does not allege that defendant intended to rape a person who was physically helpless. The indictment charges only that defendant "broke and entered with the intent to commit the felony of rape against" Brown.[2] Likewise, the jury instructions charge that "at the time of the breaking and entering the defendant intended to commit a felony, second-degree rape."

With respect to the element of felonious intent, intent or its absence may be inferred from the circumstances surrounding the occurrence, but the inference must be drawn by the jury. *State v. Moore*, 277 N.C. 65, 73, 175 S.E.2d 583, 588 (1970). Given the State's evidence previously discussed that defendant, in fact, raped Brown after entering her home through her bedroom window, there was substantial evidence for a reasonable mind to infer that defendant intended to rape Brown at the time of the breaking and entering. This assignment of error is overruled.

Based on the foregoing, we find no error in defendant's convictions.

No error.

Judges STEELMAN and ARROWOOD concur.

---

2. The enactment of N.C. Gen. Stat. § 15A-924(a)(5) allows an indictment to charge merely an intent to commit a felony. "Allegations beyond the essential elements of the offense are irrelevant and may be treated as surplusage and disregarded when testing the sufficiency of the indictment." *In re R.P.M.*, 172 N.C. App. 782, 791, 616 S.E.2d 627, 633 (2005). The first-degree burglary indictment would have been sufficient had it charged defendant with merely an "intent to commit a felony therein." *State v. Worsley*, 336 N.C. 268, 279-80, 443 S.E.2d 68, 73 (1994). The remaining verbiage of the indictment may be treated as mere surplusage. *State v. Pelham*, 164 N.C. App. 70, 79, 595 S.E.2d 197, 203, *appeal dismissed, disc. review denied*, 359 N.C. 295, 608 S.E.2d 63 (2004).