INSULATION SYSTEMS, INC., Plaintiff v. JAMES FISHER, Defendant

No. COA08-915

(Filed: 2 June 2009)

**Enforcement of Judgments— execution—request for information by sheriff—delay in responding**

　　The trial court erred by imposing a willfulness requirement on the "neglects or refuses" language in N.C.G.S. § 1-324.4 in a case involving defendant's delay in responding to a sheriff's request for information from which to satisfy an outstanding

judgment. The court's order that plaintiff recover nothing was remanded because it was not clear whether defendant's neglect to provide the information was due to mere failure to act or neglect by carelessness.

Appeal by plaintiff from an order entered 2 May 2008 by Judge Richard W. Stone in Guilford County Superior Court. Heard in the Court of Appeals 28 January 2009.

*Nexsen Pruet, PLLC, by Brooks F. Bossong, for plaintiff-appellant.*

*Manger Law Firm, by Richard A. Manger, for defendant-appellee.*

JACKSON, Judge.

Insulation Systems, Inc. ("plaintiff") appeals the trial court's order that it recover nothing in its action against James Fisher ("defendant"), an officer and director of Fisher Roofs and Decks, Inc. ("Fisher Roofs"). For the reasons stated below, we reverse and remand.

On or about 31 March 2006, plaintiff obtained a judgment in Rutherford County against Fisher Roofs. The judgment subsequently was transcribed to Catawba County, where Fisher Roofs was located. On or about 18 July 2006, the Deputy Clerk of Rutherford County Superior Court issued a Writ of Execution to Catawba County in the amount of $52,264.26, with interest continuing to accrue thereon at the rate of $9.15 per day until fully paid.

On 2 August 2006, Corporal Kerry Hayer ("Corporal Hayer") of the Catawba County Sheriff's Office presented defendant with documents designed to ascertain the property of Fisher Roofs from which he could satisfy the outstanding judgment. At that time, defendant informed Corporal Hayer that he would have the documents ready on 9 August 2006. When Corporal Hayer returned to retrieve the documents on 9 August 2006, they were not completed.

Corporal Hayer again returned to defendant's office on 13 September 2006 and defendant informed him that the documents may be ready by 15 September 2006. When Corporal Hayer completed the Return of Execution on 25 September 2006, he noted that he had requested the completed documents from defendant on at least three occasions and that defendant refused to return the completed documents, stating that he needed more time to complete them. The only

INSULATION SYS., INC. v. FISHER

[197 N.C. App. 386 (2009)]

property Corporal Hayer ultimately was able to collect pursuant to the Writ of Execution was $1,408.38.

Plaintiff filed its complaint on 22 December 2006, alleging that defendant was personally liable for the full amount of the judgment against Fisher Roofs because defendant had failed to comply with sections 1-324.2 and 1-324.4 of the North Carolina General Statutes. On 12 March 2007, defendant filed his answer admitting many allegations but denying that he had failed to comply with sections 1-324.2 and 1-324.4. He also asserted the affirmative defense of excusable neglect, claiming that his delay in returning the documents was due to significant health problems. Defendant attached the completed documents to his answer. They were signed and dated 25 January 2007.

The trial court heard the matter in a bench trial on 7 January 2008. The trial court found as fact that the documents provided to defendant contained no deadline for completion and that defendant did not intend to fail to comply, and that he ultimately did comply, with sections 1-324.2 and 1-324.4. Further, the court concluded as a matter of law that in order to hold defendant liable for his noncompliance, plaintiff was required to show that defendant acted intentionally or willfully in failing to respond to the sheriff's request for information. Having failed to show that defendant acted intentionally or willfully, the trial court ordered that plaintiff recover nothing from defendant. Plaintiff appeals.

We note that pursuant to the North Carolina Rules of Appellate Procedure, an appellant's brief is required to contain "a concise statement of the applicable standard(s) of review for each question presented, which shall appear either at the beginning of the discussion of each question presented or under a separate heading placed before the beginning of the discussion of all the questions presented." N.C. R. App. P. 28(b)(6) (2007). Plaintiff has failed to state the applicable standard of review in its brief. However, we recognize that when the trial court sits without a jury, the standard of review for this Court

"is whether there was competent evidence to support the trial court's findings of fact and whether its conclusions of law were proper in light of such facts. Findings of fact by the trial court in a non-jury trial . . . are conclusive on appeal if there is evidence to support those findings. A trial court's conclusions of law, however, are reviewable *de novo*."

*Luna v. Division of Soc. Servs.*, 162 N.C. App. 1, 4, 589 S.E.2d 917, 919 (2004) (omission in original) (quoting *Shear v. Stevens Building Co.*, 107 N.C. App. 154, 160, 418 S.E.2d 841, 845 (1992)).

Here, the dispositive issue is whether the trial court was operating under a misapprehension of the law when it concluded that "[t]he plaintiff was required to show that the defendant acted intentionally or willfully in failing to respond to the sheriff's request under [section] 1-324.2[.]" We believe that it was.

Pursuant to section 1-324.2, when a public officer seeking to serve a writ of execution against a corporation requests, "[e]very agent or person having charge or control of any property of the corporation . . . shall furnish to [the public officer] the names of the directors and officers thereof, and a schedule of all its property, including debts due or to become due, so far as he has knowledge of the same." N.C. Gen. Stat. § 1-324.2 (2005). Section 1-324.4, *inter alia*, provides that "[e]very agent or person who *neglects or refuses* to comply with the provisions of this section and [section] 1-324.2 is liable to pay to the execution creditor the amount due on the execution, with costs." N.C. Gen. Stat. § 1-324.4 (2005) (emphasis added). Section 1-324.5 further provides that

If any agent or person having charge or control of any property of a corporation, or any clerk, cashier, or other officer of a corporation, who has at the time the custody of the books of the company, or if any agent or person having custody of any evidence of debt due to a corporation, shall, on request of a public officer having in his hands for service an execution against the said corporation, *willfully refuse* to give to such officer the names of the directors and officers thereof, and a schedule of all its property, including debts due or to become due, . . . or shall *willfully refuse* to deliver to such officer any evidence of indebtedness due or to become due to such corporation, he shall be guilty of a Class 1 misdemeanor.

N.C. Gen. Stat. § 1-324.5 (2005) (emphasis added).

"The cardinal principle of statutory interpretation is to ensure that legislative intent is accomplished." *McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 288, 444 S.E.2d 487, 490 (citing *Harris v. Nationwide Mutual Ins. Co.*, 332 N.C. 184, 191, 420 S.E.2d 124, 128 (1992)), *disc. rev. denied*, 337 N.C. 694, 448 S.E.2d 528 (1994). "To determine legislative intent, we first look to the language

of the statute." *Estate of Wells v. Toms*, 129 N.C. App. 413, 415-16, 500 S.E.2d 105, 107 (1998) (citing *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995)). We are guided in our review by several principles of statutory construction.

> [T]he judiciary must give clear and unambiguous language its plain and definite meaning. However, strict literalism will not be applied to the point of producing absurd results. When the plain language of a statute proves unrevealing, a court may look to other indicia of legislative will, including: the purposes appearing from the statute taken as a whole, the phraseology, the words ordinary or technical, the law as it prevailed before the statute, the mischief to be remedied, the remedy, the end to be accomplished, statutes *in pari materia*, the preamble, the title, and other like means. The intent of the General Assembly may also be gleaned from legislative history. Likewise, later statutory amendments provide useful evidence of the legislative intent guiding the prior version of the statute. Statutory provisions must be read in context: Parts of the same statute dealing with the same subject matter must be considered and interpreted as a whole. Statutes dealing with the same subject matter must be construed *in pari materia*, as together constituting one law, and harmonized to give effect to each.

*In re Proposed Assessments v. Jefferson-Pilot Life Ins. Co.*, 161 N.C. App. 558, 560, 589 S.E.2d 179, 181 (2003) (internal quotation marks and citations omitted).

Section 1-324.4 civilly penalizes one who *neglects or refuses* to provide information of corporate assets. "Neglect" is defined as "[t]he omission of proper attention to a person or thing, *whether inadvertent, negligent, or willful*; the act or condition of disregarding." Black's Law Dictionary 1061 (8th ed. 2004) (emphasis added). Of the eight definitions provided by Noah Webster, only the seventh connotes a degree of willfulness—"leave undone or unattended to *through carelessness or by intention*." Webster's Third New International Dictionary 1513 (1968). Both the legal and the common definitions of neglect permit, but do not require, a party to act willfully. The legislature did not limit the definition of neglect to include only willful conduct. Further, by using the conjunction "or," the legislature indicated two methods by which the statute would be involved: (1) by refusing to comply, or (2) by merely neglecting to comply.

Moreover, section 1-324.5 criminally penalizes one who *willfully refuses* to provide corporate asset information. It is clear that the legislature knew the difference between mere refusal—as used in section 1-324.4—and willful refusal as used in this section. By enacting two separate statutes, the legislature clearly intended that two distinct standards be applied. If the refusal to comply is willful and not merely careless, criminal punishment will be imposed. However, mere neglect subjects one to civil punishment.

Here, citing *Williams v. Williams*, 113 N.C. App. 226, 437 S.E.2d 884 (1994), *aff'd*, 339 N.C. 608, 453 S.E.2d 165 (1995) (per curiam), the trial court engrafted a willfulness requirement upon section 1-324.4's "neglects or refuses" language, noting that neglect may mean "(1) failure to do a thing that can be done, (2) to leave undone through carelessness, or (3) to leave undone by intention." In *Williams*, this Court interpreted "neglect" as used in Rule 4(h) of the North Carolina Rules of Civil Procedure, and adopted the second definition, "to leave undone through carelessness." *Williams*, 113 N.C. App. at 229, 437 S.E.2d at 887. It did not go so far as to adopt the third definition requiring an intentional act, as the trial court did here.

Defendant failed to comply with sections 1-324.2 and 1-324.4. The sheriff attempted to obtain the completed documents on at least three occasions, each time being told that defendant needed more time. Defendant did not complete the documents until more than five months after they were requested, and one month after a lawsuit was filed against him, and failed to proffer any reasonable excuse to the trial court for this neglect.

Having determined that the trial court erred in imposing a willfulness requirement on section 1-324.4, we must reverse its order that plaintiff recover nothing from defendant. Because it is not clear whether, pursuant to *Williams*, defendant's neglect to provide the requested information was due to mere failure to act or neglect by carelessness, we remand to the trial court for a determination consistent with *Williams* and this opinion.

Reversed and remanded.

Judges McGEE and Robert N. HUNTER, Jr. concur.